OPINION
Appellant Sherman Harrington, Trustee for the L.A.N. Trust ("Trust"), appeals the decision of the Court of Common Pleas, Holmes County, which entered summary judgment in favor of Appellee Village of Millersburg in a declaratory judgment action regarding a previously-issued consent order. The relevant facts leading to this appeal are as follows.In 1995, the Trust became the owner of real property located within the corporate limits of the Village of Millersburg ("Village"), Holmes County, Ohio. In the fall of 1996, the Trust, utilizing its agent, Cal Nethero, began constructing a concrete wall on the west and south portions of its property. The Village considered the construction of the wall, which had apparently sustained damage even before its completion, in violation of various sections of the Millersburg Village Ordinances, and initiated legal action against appellant. As a result of the litigation, on December 9, 1999, the trial court issued a consent order in which appellant was immediately and permanently enjoined from completing the wall unless such work would be supervised by a licensed professional engineer, and until the necessary permits and variances were obtained. Appellant, inter alia, was further required to utilize due diligence to secure within ninety days a plan by a professional engineer to repair the wall and make it structurally sound. Appellant was to complete "the course of action found necessary to make the wall safe and structurally sound" by July 15, 2000, or else remove the wall by August 15, 2000. Stipulated monetary penalties for failure to meet said deadlines were stated in the consent order.
On April 18, 2000, Nethero, on behalf of the Trust, appeared before the Millersburg Planning and Zoning Board ("Board") to request a variance to install a "gabion" wall system. The variance was granted, subject to an identical construction deadline of July 15, 2000. The Trust thereupon tore down most of the old wall, leaving the footers and a nineteen-foot section remaining. However, the Village obtained a cease and desist order to halt further construction on the wall after the date of July 15, 2000 had passed. As the August 15, 2000 "teardown" deadline drew nearer, appellant unsuccessfully sought time extensions from the Board. Three official hearings took place in August 2000. At the conclusion of the final hearing on August 16, 2000, the Board voted to disallow any time extensions on the project. The Trust, on August 18, 2000, filed a declaratory judgment action and appeal of the Board's decision to deny the request for extension of time to complete the project. The Trust therein requested the court find it had complied with the consent order, and that the Board's actions were unreasonable, arbitrary, and capricious. The Village responded with a counterclaim essentially seeking the opposite; i.e., a finding that the trust had violated the consent order and that the Board's actions were valid.
On January 23, 2001, the Village filed a motion for summary judgment. Appellant filed a memorandum in opposition on February 14, 2001. The trial court reviewed the matter, and granted summary judgment in favor of the Village on February 20, 2001. On March 5, 2001, the Trust filed its notice of appeal, and herein raises the following eight Assignments of Error:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING SUMMARY (SIC) TO THE VILLAGE AND IMPOSING PENALTIES AGAINST THE APPELLANT TRUST IN THE AMOUNT $102,000, WHERE SUCH WERE FOR ALLEGED VIOLATIONS OF THE VILLAGE ZONING ORDINANCES.
 II. THE TRIAL COURT ERRED BY GRANTING THE MOTION FOR SUMMARY JUDGMENT OF VILLAGE OF MILLERSBURG THAT THE APPELLANT TRUST VIOLATED THE CONSENT ORDER OF DECEMBER 9, 1999.
 III. THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING SUMMARY JUDGMENTS TO THE VILLAGE ON BOTH APPELLANT TRUST'S DECLARATORY JUDGMENT ACTION AND VILLAGE'S COUNTERCLAIM, FOR THE REASON THE CONDITIONS ATTACHED TO THE GRANTING OF AN AREA VARIANCE TO THE TRUST ARE UNCONSTITUTIONAL — WORK STOPPAGE ORDER BY VILLAGE BASED UPON SUCH CONDITIONS UNREASONABLE, VOID AND CANNOT BE USED AS BASIS OF CONSENT ORDER VIOLATION.
 IV. THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING SUMMARY JUDGMENTS TO THE VILLAGE ON BOTH APPELLANT TRUST'S DECLARATORY JUDGMENT ACTION AND VILLAGE'S COUNTERCLAIM WHERE THE BOARD OF ZONING APPEALS PLACED CONDITIONS ON ZONING PERMIT WITHOUT AUTHORITY AND USED SUCH TO ORDER TRUST TO STOP WORK WHICH WAS BASIS OF ALLEGED VIOLATION OF CONSENT ORDER.
 V. THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING SUMMARY JUDGMENTS TO THE VILLAGE ON BOTH APPELLANT TRUST'S DECLARATORY JUDGMENT ACTION AND VILLAGE'S COUNTERCLAIM, FOR THE REASON THAT THE ZONING PERMIT GRANTED TO TRUST ON APRIL 18, 2000, VIOLATED SECTION 1173.02(F) OF THE VILLAGES' CODIFIED ORDINANCES AND THE VILLAGE'S WORK STOPPAGE ORDER BASED UPON (SIC) CANNOT BE USED AS A BASIS OF CONSENT ORDER VIOLATION.
 VI. THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING SUMMARY JUDGMENTS TO THE VILLAGE ON BOTH APPELLANT TRUST'S DECLARATORY JUDGMENT ACTION AND VILLAGE'S COUNTERCLAIM WHERE THE VILLAGE UNLAWFULLY REQUIRED THE TRUST TO OBTAIN A ZONING PERMIT WHICH WAS BASIS OF VILLAGE'S WORK STOPPAGE ORDER RESULTING IN THE TRIAL COURT'S CONSENT ORDER VIOLATION.
 VII. THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING SUMMARY JUDGMENTS TO THE VILLAGE WHERE THE VILLAGE APPLIED SUBDIVISION REGULATIONS IMPROPERLY AND PLACED CONDITIONS ON TRUST WHICH WERE VOID AND USED SUCH AS AN ALLEGED VIOLATION OF THE CONSENT ORDER.
 VIII. THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING SUMMARY JUDGMENTS TO THE VILLAGE ON BOTH APPELLANT TRUST'S DECLARATORY JUDGMENT ACTION AND VILLAGE'S COUNTERCLAIM WHERE THE DENIAL OF EXTENSION OF TIME TO FINISH WORK ON GABIONS BY VILLAGE'S BOARD OF ZONING APPEALS WAS ARBITRARY, CAPRICIOUS AND UNREASONABLE.
 I
In its First Assignment of Error, the Trust argues that the court erred in granting summary judgment and awarding damages of $102,000, where said penalty resulted from alleged violations of the village's zoning ordinances. We disagree.
The Trust urges that the action instituted by the village was essentially an action for sanctions for violation of municipal zoning ordinances, and as such was a criminal action to which a summary judgment motion would not apply. See Strongsville v. McPhee (1944),142 Ohio St. 534; State v. Tipton (1999), 135 Ohio App.3d 227. However, the cases cited by the Trust generally pertain to statutory penalties assessed against property owners in zoning violation lawsuits, or involve criminal prosecution. In the case sub judice, the penalties were previously stipulated in the consent order. The trial court thereupon concluded that reasonable minds could only conclude that appellant had violated the consent order and thereby subjected himself to the penalties stated therein.
Appellant's reliance on the aforesaid caselaw is misplaced. The trial court did not err in rejecting the argument that the proceedings were criminal in nature.
Appellant's First Assignment of Error is overruled.
 II
In his Second Assignment of Error, appellant maintains the trial court erred in finding no genuine of material fact exists with regard to its compliance with the consent order. We disagree.
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citing Dresher v.Burt (1996), 75 Ohio St.3d 280.
Paragraphs 6, 7 and 8 of the Consent Order required certain actions by appellant. The Order states, in relevant part:
 6. The Defendant is hereby permanently enjoined from completing the wall structure until he complies with the provisions herein. He shall complete building and zoning applications and receive a building permit and a zoning permit * * *. He shall further bring the structure into compliance with * * * [village ordinances] unless a variance is granted. In the alternative, Defendant must apply for and receive a building permit * * * and all necessary variances
* * *
 7. Within 90 days of the effective date of this Consent Order, the Defendant will, exercising due diligence, provide to the Plaintiff a plan signed by a professional engineer licensed by the State of Ohio which will indicate a course of action to repair the existing wall structure so as to make it secure, safe and structurally sound.
 8. The course of action found necessary to make the wall structure secure, safe and structurally sound shall be completed on or before July 15th, 2000. * * * All construction work, or corrective actions taken, shall be under the supervision of a professional engineer * * *
 9. Should the Defendant fail to abide by the requirements of paragraphs 6 or 7, the Defendant shall remove said wall structure * * *
(Emphasis added).
The clear language of the Consent Order required appellant to obtain a plan, created by a licensed professional engineer, which would indicate a course of action to repair the existing wall to make it secure, safe and structurally sound. Appellant was further required to complete this "course of action" on or before July 15th, 2000.
Interestingly, appellant appears to concede it failed to strictly abide by the terms of the Consent Order. As stated in appellant's brief:
 The Consent Order gave the Trust certain options. It could (1) repair the existing wall to make it secure, safe, and structurally sound; (2) complete the wall by obtaining permits and any needed variances; or (3) remove the wall. The Trust took a modified action by removing most of the wall and making it secure safe, and structurally sound. This part of the Trust's plans for the area was completed before the Consent Order deadline of July 15, 2001.
(Emphasis added). Appellant's brief at p. 6.
We take issue with appellant's characterization of its options. As set forth above, the Consent Order provided only one course of action, to wit: appellant was to obtain a plan indicating a course of action to repair the existing wall to make it secure, safe and sound, and then to implement and complete said plan before July 15th, 2000. We find appellant's "modified action" of removing most of the wall simply did not equate to repairing the existing wall. Appellant obtained a plan, but failed to complete the plan by the agreed upon date.
In its brief to this Court, appellant appears to argue its plan was broken down into two parts — first, making the wall safe and structurally sound; and second, constructing a new wall. Appellant argues that it complied with the Consent Order merely by taking down most of the existing wall. We disagree. The clear language of the Consent Order indicated appellant would repair the existing structure. In fact, appellant's plan attempted to create a new wall using part of the old structure and adding a new gabion structure. We find this procedure is exactly the repair contemplated by the Consent Order but which appellant failed to complete by the deadline. Accordingly, appellant's second assignment of error is overruled.
 III, V
We will address appellant's Third and Fifth Assignments of Error together. In each, appellant contends that the actions of the Board, in attaching certain conditions on the Trust during the administrative proceedings surrounding the gabion system plan, were either improper or unreasonable, and that the trial court therefore erred in granting summary judgment in favor of the Village on the claim for declaratory judgment.
We initially note our disagreement with the Trust in how it has framed the issue. R.C. 2721.03 states: "Subject to division (B) of section2721.02 of the Revised Code, any person interested under a deed, will, written contract, or other writing constituting a contract or any person whose rights, status, or other legal relations are affected by a constitutional provision, statute, rule as defined in section 119.01 of the Revised Code, municipal ordinance, township resolution, contract, or franchise may have determined any question of construction or validity arising under the instrument, constitutional provision, statute, rule, ordinance, resolution, contract, or franchise and obtain a declaration of rights, status, or other legal relations under it." However, in these two Assignments of Error, the focus of the Trust is actually centered on the Board's decisions pertaining to the gabion plan, rather than the construction or validity of any Millersburg Code provision; i.e., the issue stems instead from the administrative appeal portion of the Trust's complaint.
Our review of the record reveals that the conditions challenged by the Trust resulted from the Board proceedings of April 18, 2000. Cal Nethero assured the Board at that hearing that the gabion project would be on the same timeline as per the Consent Decree:
 CHAIRMAN AKINS: Also, I'm asking the Applicant is should we approve this variance will it be completed 100 percent by July 15th?
 MR. NETHERO: Well, the variance, yes, and the wall will be tore out, yes.
CHAIRMAN AKINS: And a new all put in?
MR. NETHERO: The new wall to be put in.
CHAIRMAN AKINS: 100 percent?
MR. NETHERO: By July the 15th?
CHAIRMAN AKINS: That's correct.
MR. NETHERO: I would say we could have it in.
CHAIRMAN AKINS: That's a yes?
MR. NETHERO: That's a yes.
Tr. at 20.
The Trust took no administrative appeal from the April 18th proceedings, and no objections to the "conditions" are evident in the transcript thereof. As such, we find the Trust cannot now assert such claims before this Court. We therefore find no error in the trial court's denial of the Trust's zoning appeal to the trial court on these grounds.
Appellant's Third and Fifth Assignments of Error are overruled.
 IV
In its Fourth Assignment of Error, the Trust argues that summary judgment was improper regarding the declaratory judgment action where the Board placed allegedly unauthorized conditions on the zoning permit, which the Trust asserts were then used as a basis for finding a violation of the consent order.
The Trust first contends that the Millersburg Zoning Code makes no provision for a "wall," other than restrictions on proximity to any public right of way. However, section 1171.04(58) of the Code specifically states "[a]mong other things, structures include buildings, mobile homes, walls, fences and billboards." The Trust subsequently argues the "zoning permit" section of the code, namely section 1173.02, does not authorize conditions to be placed on a permit, such as the performance criteria and deadlines herein at issue. For example, section 1173.02(f) states that zoning permits shall be issued for one year.
In City of Canton v. Campbell (April 15, 2002), Stark App. No. 2001CA00205, unreported, we noted as follows in addressing a similar argument regarding additional zoning "restrictions:"
 The [Canton] Ordinance, supra, did not define a "bus stop" and did not limit the placement of benches to bus stop locations identified by a bus stop sign. Appellants assert that a bench sign cannot be found in noncompliance just because it was placed at a bus stop that does not display a bus stop sign. Appellants argue that since the Ordinance language does not include such a restriction, the restriction cannot be imposed. We disagree.
We are unpersuaded in the case sub judice that the Board exceeded its authority or acted outside its discretion to ensure the safety, health, and welfare of the Village residents. Appellant's Fourth Assignment of Error is overruled.
 VI
In its Sixth Assignment of Error, the Trust contends that summary judgment was improper as to the declaratory judgment action where the Board allegedly unlawfully required a zoning permit, which the Trust asserts was then used as part of the basis for finding a violation of the consent order.
Section 1173.02 of the Millersburg Zoning Code reads in pertinent part as follows:
 (a) It shall be unlawful for an owner to use or to permit the use of any structure, land or sign hereafter erected, changed or enlarged, wholly or partly, until a zoning permit shall have been issued by the Zoning Inspector. It shall be the duty of the Zoning Inspector to issue a permit if, and only if, the structure, building or premises, and the proposed use thereof, conform with all the requirements of this Zoning Code.
 (b) Zoning permits shall be required for the following situations:
 (1) Construction or structural alteration of any building, including accessory buildings;
 (2) Change of land or an existing building from one permitted district classification to another district classification;
(3) Occupancy and use of vacant land; and
 (4) Any change in the use of a nonconforming use.
Appellant essentially argues that since subsection (b) does not address wall structures, no permit should have been required for the gabion system. However, we cannot simply ignore the clear language of subsection (a) and its reference to "any" structure, as we are mindful of the principle of statutory construction that we should interpret statutes and rules so as to avoid unreasonable results. State ex rel. DispatchPrinting Co. v. Wells (1985), 18 Ohio St.3d 382, 384.
The Trust further argues that even if the zoning permit was required, a work stoppage order by the Board was unlawful, capricious and unreasonable. However, the transcript of the Board hearing of August 16, 2000 reveals legitimate concern by the Board over possible encroachment onto neighboring properties, and the Trust's inability to ensure that necessary easements had been obtained from all such properties. We are therefore unpersuaded by the Trust's arguments in this regard.
Appellant's Sixth Assignment of Error is overruled.
 VII
In its Seventh Assignment of Error, the Trust contends that summary judgment was improper, based on its assertion that the Village misapplied zoning regulations and placed improper and void conditions on the Trust. We disagree.
The Trust's main contention is that the Board had no authority to require the Village Engineer to approve the gabion project plans, as the provision therefor, entitled "Retaining Walls," falls under the "Subdivision Regulations." The Trust asserts that its property is outside the scope of a subdivision under the code.
We have frequently emphasized that our review on appeal is limited to those materials in the record which were before the trial court. SeeState v. Ishmail (1978), 54 Ohio St.2d 4. The Trust provides no indication that the aforesaid subdivision distinction was ever argued or discussed on the record below. Nonetheless, a zoning authority may exercise his or her discretion and impose a condition to ensure that public service, public safety and public convenience are met. City ofCanton v. Campbell, supra. We therefore find appellant's argument in this regard lacks merit.
Appellant's Seventh Assignment of Error is overruled.
 VIII
In its Eighth Assignment of Error, the Trust argues that summary judgment was improper, based on its assertion that the Village's denial of a time extension to finish the gabion project was arbitrary, unreasonable, and capricious. We disagree.
It has long been established that consent excuses error and operates to end all controversy between the parties. Wells v. Warrick Martin Co. (1853), 1 Ohio St. 386, 389. As the Village correctly notes in its reply brief, the Board could have reasonably concluded that by granting such an extension, it would have been acting in violation of the court's consent order, absent obtaining an amended order. There further existed no guarantee at the time that the trial court would have allowed any amendments even if petitioned to do so. The Trust emphasizes the Board's new demand for a written construction contract from Cal Nethero during the August meetings as an example of the Board's alleged unreasonableness. Appellant's Brief at 29. Nonetheless, even if the Board had no clear right to proof of a construction contract, we are unpersuaded under the facts and circumstances of this case that it acted in an arbitrary, unreasonable, or capricious fashion. Campbell, supra.
Appellant's Eighth Assignment of Error is overruled.
The February 20, 2001 Judgment Entry of the Holmes County Court of Common Pleas, is hereby affirmed.
By: HOFFMAN, P.J. EDWARDS J. concur WISE, J. dissents.