[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[1] The notice of appeal in this case indicates the defendant's last name as Bell, but the summary of docket and journal entries in the trial court, including the indictment, indicate that the defendant's last name is actually Belle. Hereinafter in this opinion we will refer to the defendant-appellant as Belle.
 OPINION
Defendant-appellant Richard Belle appeals from his conviction and sentence, following a no-contest plea, for Carrying a Concealed Weapon. He contends that the trial court erred by denying his motion to dismiss. Although the trial court considered evidentiary materials, we agree with the State that the trial court could not properly do so. A pre-trial motion to dismiss an indictment merely tests the sufficiency of the indictment. Because this indictment alleged facts constituting the offense of Carrying a Concealed Weapon, the trial court properly denied the motion to dismiss. Accordingly, the judgment of the trial court is Affirmed.
 I
Belle was indicted for Carrying a Concealed Weapon. The entire text of that indictment is as follows:
 "THE GRAND JURORS of the County of Montgomery, in the name, and the authority of the State of Ohio, on their oaths do present and find that RICHARD LAMONT BELLE, on or about 13th day of August in the year two thousand in the County of Montgomery, aforesaid, and State of Ohio, did knowingly have or carry, concealed on his person or concealed ready at hand, a deadly weapon, to-wit: handgun, said weapon being a firearm which was loaded or for which the defendant had ammunition ready at hand; contrary to the form of the statute (in violation of Section 2923.12(A) of the Ohio Revised Code) in such case made and provided, and against the peace and dignity of the State of Ohio." (Italics in original.)
R.C. 2923.12(A) provides as follows:
 "No person shall knowingly carry or have, concealed on his or her person or concealed ready at hand, any deadly weapon or dangerous ordnance."
Before trial, Belle filed a "motion to dismiss." He contended that the weapon found in his vehicle had been in plain view, so that it could not have been concealed on his person or concealed ready at hand, as charged in the indictment. The trial court conducted an evidentiary hearing on this motion. No testimony was offered at the hearing, but photographs of the car in which the weapon was found and a copy of the police report were admitted in evidence. The trial court considered the evidence, and, in a written decision, overruled the motion to dismiss.
Thereafter, Belle pled no contest, was found guilty, and was sentenced accordingly. From his conviction and sentence, Belle appeals.
 II
Belle's sole assignment of error is as follows:
 "THE TRIAL COURT ERRED AS A MATTER OF LAW IN FAILING TO GRANT DEFENDANT'S MOTION TO DISMISS."
Belle argues that, based upon the evidence offered at the hearing on his motion to dismiss, the weapon found in his car was not concealed. He contends, therefore, that the trial court erred by denying his motion to dismiss.
The State contends that a pre-trial motion to dismiss an indictment challenges the sufficiency of the indictment, not the sufficiency of any evidence that may be offered at trial. We agree.
As the State points out, pretrial motions are the subject of Crim.R. 12(C), which provides, in pertinent part, as follows:
 "Prior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue." (Emphasis added.)
Whether there is sufficient evidence to prove a criminal defendant's guilt beyond reasonable doubt is not something that can be determined without trial of the general issue. Therefore, we agree with the State that sufficiency of the evidence cannot properly be raised in a pretrial motion. State v. Patterson (1989), 63 Ohio App.3d 91; State v. Tipton
(1999), 135 Ohio App.3d 227.
State v. Patterson, supra, is on all fours with this case. As in this case, the trial court in Patterson entertained a motion to dismiss an indictment based upon insufficiency of the evidence, but denied the motion. We concluded that the trial court ought not to have considered evidentiary material in overruling Patterson's motion, and held that the trial court's denial of the motion to dismiss was proper, even if based upon incorrect reasoning, because the motion to dismiss could only test the sufficiency of the indictment, and the indictment was sufficient.
In the case before us, as in State v. Patterson, supra, Belle's motion to dismiss could only properly challenge the sufficiency of the indictment. Because the allegations in the indictment are sufficient to make out the offense of Carrying a Concealed Weapon, the motion to dismiss was properly denied. Belle's sole assignment of error is overruled.
 III
Belle's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
WOLFF, P.J., and GRADY, J., concur.