[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
{¶ 1} Plaintiff-appellant, State of Ohio ("State"), appeals from a judgment of the Franklin County Municipal Court dismissing criminal complaints against defendant-appellee, Mark C. Shaw.
 {¶ 2} On May 9, 2002, the State filed eight complaints against defendant, each complaint containing a single count charging him with dereliction of duty, in contravention of R.C. 2921.44(E). More specifically, the complaints alleged in part the following:
 {¶ 3} "* * * [Defendant], a public servant, to wit: a public servant employed by the City of Columbus Division of Police Crime Laboratory as a Criminalist II did recklessly fail to perform a duty expressly imposed by law with respect to the public servant's office, to wit: while holding a laboratory technician's/director's permit as described in OAC 3701-53-07(A) did fail to conduct evidential tests of biological fluids for alcohol levels in accordance with the laboratory's written procedure manual in violation of OAC 3701-53-06(C), to wit: reported alcohol level results for blood or urine samples where one or more quality control samples used in testing had a test result more than 5% outside the known value for the quality control sample."
 {¶ 4} On July 11, 2002, defendant filed a motion to dismiss. In the accompanying memorandum in support, defendant argued the complaints failed to allege the commission of a crime because the sections of the Ohio Administrative Code cited in the complaints constitute rules or guidelines to run a laboratory, and not duties expressly imposed by law. The State filed a memorandum contra defendant's motion to dismiss.
 {¶ 5} On August 14, 2002, the trial court conducted a hearing on the matter. By entry filed August 26, 2002, the trial court granted defendant's motion to dismiss.
 {¶ 6} On appeal, the State sets forth the following single assignment of error for review:
 {¶ 7} "The trial court erred, as a matter of law, in granting a pre-trial motion to dismiss the charges of dereliction of duty based on the allegations contained in the complaints when the complaints contained all of the material elements of the offense charged."
 {¶ 8} The issue before this court is whether the trial court properly dismissed the eight complaints against defendant charging him with dereliction of duty, in violation of R.C. 2921.44(E). The relevant language of R.C. 2921.44(E) provides in part: "No public servant shall recklessly fail to perform a duty expressly imposed by law with respect to the public servant's office * * *."
 {¶ 9} Crim.R. 12(C) addresses pretrial motions to dismiss criminal indictments, and states in part:
 {¶ 10} "Prior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue. The following must be raised before trial:
 {¶ 11} "* * *
 {¶ 12} "(2) Defenses and objections based on defects in the indictment, information, or complaint * * *."
 {¶ 13} In general, "an indictment is challenged on the basis that it is legally insufficient (e.g., fails to aver an essential element of the charged offense) or technically deficient (e.g., the grand jury proceedings were improperly conducted or the prosecutor failed to sign the indictment)." State v. Robinson, Athens App. No. 01CA51, 2002-Ohio-6150, at ¶ 21. In considering a motion to dismiss an indictment, "a trial court looks only to the face of the indictment to determine whether it is legally sufficient and complies with other requirements." Id. at ¶ 22. Further, "[t]he Ohio Rules of Criminal Procedure, however, do not allow for `summary judgment' on an indictment prior to trial." State v. Tipton (1999), 135 Ohio App.3d 227, 228. Thus, "[i]f a motion to dismiss requires examination of evidence beyond the face of the complaint, it must be presented as a motion for acquittal under Crim.R. 29 at the close of the state's case." State v. Brown (Apr. 26, 1999), Athens App. No. 98CA14.
 {¶ 14} In the present case, the trial court went beyond the face of the complaint in granting defendant's motion to dismiss, holding an evidentiary hearing and considering evidence presented at the hearing, including the introduction of a laboratory procedure manual. In its decision granting defendant's motion to dismiss, the court framed the issue as whether applicable portions of the manual, which the court quoted in the decision, expressly impose a duty that is specific and precise for purposes of criminal liability under R.C. 2921.44(E). Because the trial court was obligated to confine itself to the face of the indictment, we agree with the State's contention that the court erred in granting the motion to dismiss by considering factual matters outside the complaint, and we therefore sustain the State's assignment of error.
 {¶ 15} Based upon the foregoing, the judgment of the Franklin County Municipal Court is reversed, and this matter is remanded to that court for further proceedings in accordance with law and consistent with this decision.
Judgment reversed and cause remanded.
PETREE, P.J., and BRYANT, J., concur.