The STATE of Ohio, Appellant,

v.

VARNER, Appellee.

[Cite as *State v. Varner* (1991), 81 Ohio App.3d 85.]

Court of Appeals of Ohio,
Summit County.

No. 15042.

Decided July 31, 1991.

*Philip D. Bogdanoff,* Assistant Prosecuting Attorney, for appellant.
*John G. Quillin,* for appellee.

REECE, Judge.

Defendant-appellee, Joseph P. Varner, Jr., was originally charged in the Summit County Court of Common Pleas with breaking and entering, R.C. 2911.13. He signed a bond allowing his release, but then failed to appear for his arraignment. As a result, he was further indicted on January 15, 1991 for failure to appear in violation of a recognizance bond, R.C. 2937.29.

Prior to trial, Varner moved to dismiss the indictment on this supplemental charge on the ground that he was never actually bound by a recognizance bond. The trial court agreed and this appeal follows.

### Assignment of Error

"The trial court committed error when it dismissed the indictment against the defendant."

In its sole assignment of error, the state maintains that a reversal is in order since Varner was duly subject to a recognizance bond and, consequently, criminally liable for his failure to appear. While we agree that the trial court's ruling was erroneous, we choose to base this decision on a more fundamental principle.

The propriety of Varner's motion to dismiss required an examination of the bond he had signed to secure his release. The Ohio Rules of Criminal Procedure, however, do not allow for "summary judgment" on an indictment prior to trial. *State v. McNamee* (1984), 17 Ohio App.3d 175, 17 OBR 306, 478 N.E.2d 843; *Akron v. Davis* (July 31, 1991), Summit App. No. 14989, unreported, 1991 WL 149743. Since Varner's claim went beyond the face of the indictment, he could present his challenge only as a motion for acquittal at the close of the state's case. Crim.R. 29(A). As a general rule, "premature declarations," such as that presented here, are strictly advisory and an improper exercise of judicial authority. *Fortner v. Thomas* (1970), 22 Ohio St.2d 13, 14, 51 O.O.2d 35, 35, 257 N.E.2d 371, 372.

Were we to recognize the validity of such a procedure, trial courts would soon be flooded with pretrial motions to dismiss alleging factual predicates in criminal cases. Burglary suspects would challenge the charges against them

on the grounds the "structures" entered were not "occupied," R.C. 2911.12(A), while those accused of driving while intoxicated would argue that they were not "operating a motor vehicle" at the time of the offense, R.C. 4511.19(A). Already overburdened prosecutors would be forced to respond to such attacks with specific evidence in advance of trial. Squaring this summary procedure with the constitutional right to a jury trial, moreover, could create a legal quagmire from which our courts might never emerge. Additionally, courts of appeal would be constantly called upon for advisory opinions.

Accordingly the state's assignment of error is sustained and the trial court's order granting Varner's motion to dismiss is reversed. This cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

BAIRD, P.J., and MAHONEY, J., concur.

EDWARD J. MAHONEY, J., retired, of the Ninth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.