OPINION
Appellant Ralph Green is appealing his conviction, in the Delaware County Court of Common Pleas, of one count of assault of a peace officer. The facts giving rise to this appeal are as follows.
On April 19, 1997, Officer John Strawser of the Ashley Police Department observed a gray Lincoln vehicle being operated in an erratic manner. Officer Strawser began following the vehicle due to the manner in which the person was driving. Officer Strawser saw the operator of the vehicle turn into the driveway located at 106 W. Taylor Street. Officer Strawser observed a white male exit the vehicle, carrying something, walking quickly between several other vehicles. The person either entered the residence located at 106 West Taylor Street or went behind the residence. The driver of the Lincoln set down whatever he was carrying as he walked between the parked vehicles.
While this was occurring, two males were standing in the driveway located at 106 W. Taylor Street, about ten feet from where the driver of the Lincoln parked the vehicle. The two men looked up when the driver of the Lincoln walked past them and Officer Strawser yelled for the person to "stop". Appellant was one of the two males that observed this and Officer Strawser approached him to ask him some questions. When Officer Strawser asked appellant who just walked by, appellant responded that he had not seen anybody. Appellant informed Officer Strawser that his wife owned the gray Lincoln and that his brother had borrowed the vehicle earlier.
Officer Strawser asked appellant to retrieve his brother from the residence. While appellant was retrieving his brother, Officer Strawser walked between the parked vehicles and found a twelve pack of empty beer bottles on the ground. Upon exiting his residence, appellant began yelling profanities at Officer Strawser and told the officer to get off his property. Officer Strawser decided to arrest appellant and approached him from behind. As soon as Officer Strawser placed his left hand on appellant's right shoulder, appellant turned and struck Officer Strawser, with a closed fist, in the right ear. A fight ensued. Eventually, back-up Deputies Pohl and Dick arrived and got appellant off Officer Strawser and effectuated appellant's arrest.
The Delaware County Grand Jury indicted appellant on April 25, 1997. Appellant filed a motion to dismiss the indictment, or in the alternative, to suppress the evidence obtained improperly on July 3, 1997. The trial court conducted a hearing on appellant's motion on August 4, 1997. Following the hearing, the trial court denied appellant's motion to dismiss the indictment or suppress the evidence. This matter proceeded to trial on August 11, 1997. However, because the parties could not impanel twelve jurors, the trial court declared a mistrial and rescheduled the trial of this matter for October 2, 1997.
On October 1, 1997, the State filed a motion in limine
requesting the trial court to preclude appellant from introducing evidence, at trial, of an alleged unlawful arrest and requested a proposed jury instruction on self-defense. Prior to the commencement of trial, the trial court granted the State's motionin limine and ruled there would be no testimony, at trial, as to whether there was a lawful arrest or an unlawful arrest. Following deliberations, the jury returned a guilty verdict. On November 17, 1997, after a pre-sentence investigation, the trial court imposed a three-year term of community control and a fine. Appellant timely filed his notice of appeal and sets forth the following assignments of error for our consideration:
 I. APPELLANT'S RIGHT TO DUE PROCESS OF LAW UNDER THE CONSTITUTIONS OF THE UNITED STATES AND THE STATE OF OHIO WAS VIOLATED BY THE TRIAL COURT'S FAILURE TO GRANT APPELLANT'S PRE-TRIAL MOTION TO DISMISS THE INDICTMENT.
 II. THE TRIAL COURT ABUSED ITS DISCRETION BY LIMITING THE SCOPE OF DIRECT EXAMINATION, AND CROSS-EXAMINATION DURING REBUTTAL TO SPECIFIC QUESTIONS REGARDING SPECIFIC TESTIMONY.
 III. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN REFUSING TO PERMIT THE APPELLANT TO MAKE AN OFFER OF PROOF PURSUANT TO OHIO RULE OF EVIDENCE 103(A)(2).
 IV. THE TRIAL COURT ERRED BY INSTRUCTING THE JURY, OVER APPELLANT'S OBJECTION, THAT THE DEFENDANT HAD A DUTY TO RETREAT TO AVOID A CONFLICT ON HIS OWN PROPERTY.
 I
Appellant contends, in his first assignment of error, that the trial court should have granted his motion to dismiss the indictment because Officer Strawser did not have probable cause to arrest him and therefore, could not justify the actions of Officer Strawser. Appellant further maintains that because Officer Strawser's initial arrest was unlawful, the officer's initial touch of him on his right shoulder constituted an assault and he had the right to use enough force to overcome Officer Strawser and defend himself. We disagree.
In support of his motion to dismiss the indictment, appellant incorrectly argues that Officer Strawser had to have probable cause to investigate suspected criminal activity. The correct legal standard for determining whether an officer has cause to investigate suspected criminal activity was set forth by the U.S. Supreme Court in the case of Terry v. Ohio (1968), 392 U.S. 1. However, this standard is irrelevant in determining whether to grant a motion to dismiss an indictment because such a motion merely tests the sufficiency of the indictment, "* * * without regard to the quantity or quality of evidence that may be produced by either the state or the defendant." State v. Patterson (1989),63 Ohio App.3d 91, 95. "[I]n reviewing the propriety of a criminal indictment issued under law, a court may determine only whether the indictment is valid on its face:
 The Ohio Rules of Criminal Procedure * * * do not allow for `summary judgment' on an indictment prior to trial. * * * Since [defendant's] claim went beyond the face of the indictment, he could present his challenge only as a motion for acquittal at the close of the state's case." State v. Brandon (Nov. 24, 1993), Summit App. No. 16236, unreported, at 4, citing State v. Varner (1991), 81 Ohio App.3d 85, 86, (citations omitted.)
In the case sub judice, the trial court ruled that it would not take evidence, at a hearing, on appellant's motion to dismiss and/or suppress because this case does not involve a resisting an arrest charge but rather a charge of assault of a peace officer. Tr. Aug. 4, 1997, at 4. The trial court also denied appellant's motion to suppress for the same reason. Tr. Hrng. Aug. 4, 1997, at 5. Because the indictment against appellant was valid, on its face, the trial court correctly refused to dismiss it.
Appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant contends the trial court denied him the opportunity to examine and explore issues through the questioning of witnesses, but permitted the State to explore those same matters in the questioning of its witnesses. We disagree.
The admission or exclusion of evidence is within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. State v. Sage (1987), 31 Ohio St.3d 173,182. An abuse of discretion connotes more than an error of law or judgment, it implies the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. R.C. 2945.03 requires the trial court to control all proceedings during a criminal trial and limit the introduction of evidence and the argument of counsel to relevant and material matter with a view to expeditious and effective ascertainment of the truth.
Upon review of the record in this matter, we find the trial court did not abuse its discretion by limiting appellant's opportunity to question witnesses. The State filed a motion inlimine prior to the commencement of trial. The trial court granted the State's motion and ruled there would be no testimony, at trial, as to whether there was a lawful arrest or an unlawful arrest. The trial court did permit testimony concerning the amount of force used by Officer Strawser and whether such force was unnecessary and excessive because this relates to the issue of self-defense.
The areas appellant sought to develop concerned issues of whether Officer Strawser was a trespasser and whether he was on appellant's property lawfully. Clearly, the trial court, in granting the State's motion in limine, prohibited the introduction of any testimony pertaining to the lawfulness of appellant's arrest. We agree with the trial court that the lawfulness of appellant's arrest is irrelevant because appellant was only charged with assaulting a peace officer. The trial court properly limited the scope of direct examination by appellant.
Appellant's second assignment of error is overruled.
 III
In his third assignment of error, appellant maintains the trial court denied him the opportunity to proffer testimony pursuant to Evid.R. 103(A)(2). We disagree.
Evid.R. 103(A)(2) provides:
 (2) Offer of Proof. In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked. Offer of proof is not necessary if evidence is excluded during cross-examination.
Based upon the above rule, a refusal to permit a proffer when direct examination evidence is excluded is error. Fireman's FundIns. Co. v. Mitchell-Peterson, Inc. (1989), 63 Ohio App.3d 319,329.
Appellant contends the trial court improperly prohibited him from proffering evidence on four separate occasions, twice on direct examination and twice on cross-examination. See Tr. at 129, 181, 291, 430. Upon review of these portions of the record, we find appellant only properly invoked Evid.R. 103(A)(2) on one occasion. At pages 181, 291 and 430, of the transcript, appellant never requested to proffer evidence. However, appellant did attempt to proffer evidence at page 129 of the transcript. The following dialogue occurred between defense counsel and the trial court:
 Q. Did you ever bother to get their name and give their names to the prosecutor or report — record their names anywhere?
 MS. RUPERT: Objection, your Honor, how is that relevant to this case of assault?
THE COURT: I'll sustain.
 MR. BROWNING: Your Honor, I do think it is relevant and, if necessary, I would like to put it on the record what I think the relevance is.
THE COURT: I have already sustained the objection.
We find the trial court did not err when it prohibited appellant from proffering evidence as this occurred on cross-examination of the State's witness, Officer Strawser. As noted above, it is only generally error when the refusal to permit proffer occurs on direct examination.
Appellant's third assignment of error is overruled.
 IV
Appellant maintains, in his fourth assignment of error, that the trial court erred when it instructed the jury that he had a duty to retreat to avoid conflict on his own property. We disagree.
The trial court gave the following instruction concerning self-defense:
 Mr. Green is charged with assaulting a peace officer after access to property has been gained. Violence against an officer after he has gained entrance onto the property, even if gained unlawfully with purpose to cause physical injury, is not privileged conduct.
Again, in the absence of excessive or unnecessary force by an officer, a private citizen may not use force against one he knows or has good reason to believe he is an authorized police officer in the performance of his duties. Tr. at 475. (Emphasis added.)
Appellant contends that the above underlined language is improper because there is no duty to retreat when one is assaulted in one's own home. This statement of the law is correct underState v. Peacock (1883), 40 Ohio St. 333, wherein the Ohio Supreme Court stated that: "[w]here one is assaulted in his home, or the home itself is attacked, he may use such means as are necessary to repel the assailant from the house, or to prevent his forcible entry, or material injury to his home, even to the taking of life." State v. Williford (1990), 49 Ohio St.3d 247, 250, citing Peacock at 334.
However, courts have recognized an exception involving law enforcement officials that enter private property unlawfully. These courts have held no privilege exists, even though an officer may have unlawfully gained access into a person's residence. SeeState v. Howard (1991), 75 Ohio App.3d 760, 772; City ofStrongsville v. Waiwood (1989), 62 Ohio App.3d 521, 528; and Cityof Middleburg Heights v. Theiss (1985), 28 Ohio App.3d 1, 5. These courts have reasoned that because the charge of assault of a peace officer does not relate to the entry of the premises, no privilege exists. We agree with this reasoning and find the trial court did properly instruct the jury on the affirmative defense of self-defense.
Appellant's fourth assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Delaware County, Ohio, is hereby affirmed.
By: Wise, J., Gwin, P. J., and Hoffman, J., concur.
 CONCURRING STATEMENT