This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, the City of Akron, appeals from the Akron Municipal Court's dismissal of a disorderly conduct charge. We reverse.
On August 3, 1997, appellee, Ms. Cassandra Thomas, was arrested for disorderly conduct, a violation of Akron City Code Section 132.01(A)(1), and for resisting arrest, a violation of Akron City Code Section 136.13. On October 20, 1997, Ms. Thomas moved to suppress and to dismiss the charges. On April 2, 1998, the Akron Municipal Court dismissed the disorderly conduct charge. Specifically, the Akron Municipal Court concluded:
 [The officer] said that the profanity and name calling did not form the basis of the charge. When asked what conduct by Defendant was believed to form the basis of the charge of disorderly conduct, [the officer] testified that Defendant had engaged in turbulent behavior by refusing to obey his orders. This court finds that, as offensive as the Defendant's conduct toward the officer was, the conduct does not establish the elements of disorderly conduct under [Akron City Code Section 132.01(A)(1).] * * * The facts of the case simply do not constitute probable cause that Defendant'[s] actions were violent or turbulent, or that she engaged in fighting or threatened harm to person or property. The City of Akron satisfied it's [sic] burden of establishing probable cause to support the charge of resisting arrest. The defense motion to suppress/dismiss is sustained with respect to Count 2, disorderly conduct.
The City of Akron timely appeals and raises a single assignment of error.
ASSIGNMENT OF ERROR
 The trial court erred in dismissing charges of disorderly conduct prior to a trial on the merits.
The City of Akron avers that the Akron Municipal Court erred by dismissing the charge of disorderly conduct. The City contends that when probable cause does not exist to arrest a defendant on a charge, a trial court can suppress and exclude evidence, but should not dismiss the charge. We agree.
When an officer arrests a person without a warrant, the officer must possess probable cause to make the arrest.State v. Timson (1974), 38 Ohio St.2d 122, paragraph one of the syllabus. However, when probable cause does not exist, evidence secured as an incident to the arrest should be excluded. Id. at paragraph two of the syllabus. Even when an illegal arrest occurs due to a lack of probable cause, a valid conviction can still be upheld. See Lorain v. Lemley (May 15, 1991), Lorain App. No. 90CA004896, unreported, at 3. Furthermore, this court has concluded:
 [I]n ruling on a motion to dismiss an indictment, a trial court may consider only whether the indictment is valid on its face:
 The Ohio Rules of Criminal Procedure * * * do not allow for "summary judgment" on an indictment prior to trial. * * * Since [defendant's] claim went beyond the face of the indictment, he could present his challenge only as a motion for acquittal at the close of the state's case. State v. Varner (1991), 81 Ohio App.3d 85, 86 (Citations omitted). The same is true for the consideration of motions to dismiss criminal complaints.
(Alterations and citations omitted in original.) Akron v.Waters (Apr. 23, 1997), Summit App. No. 18004, unreported, at 3-4.
In the case at bar, the Akron Municipal Court dismissed the charge of disorderly conduct in the context of a motion to suppress and on the basis that there was no probable cause of that charge. On the basis of a lack of probable cause, the trial court could have excluded evidence. However, such a determination could not be grounds for the dismissal of the disorderly conduct charge. Accordingly, the City of Akron's assignment of error is sustained. The judgment of the trial court is reversed, and the cause is remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Akron Municipal Court, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellee.
Exceptions.
 -------------------- LYNN C. SLABY FOR THE COURT
BAIRD, J., QUILLIN, J., CONCUR