DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, the City of Akron, appeals from an order of the Akron Municipal Court that dismissed a charge of driving under the influence of alcohol against Defendant, Warren Brustowksi. We reverse.
On September 16, 1997, Defendant was involved in a rear-end collision at the interchange of Interstates 76 and 77 in Akron. Defendant was cited on October 23, 1997, for failure to maintain an assured clear distance, a violation of Akron City Code Section 73.20(A), and operating a motor vehicle while under the influence of alcohol, a violation of Akron City Code Section 73.01(A)(1). On December 1, 1997, Defendant moved to suppress all evidence of observations made by the officers at the accident scene and any statements made by Defendant to those officers with respect to the charge of driving under the influence. In the alternative, he moved to dismiss the charge. Following a hearing, the trial court found that Defendant's citation was not supported by probable cause and granted the motion to dismiss. The City timely appealed and has raised four assignments of error.
ASSIGNMENT OF ERROR I
 The trial court incorrectly granted Defendant's motion to dismiss where the complaint was not defective and the court had jurisdiction.
In the first assignment of error, the City has argued that the trial court lacked the ability to dismiss the charge against Defendant for lack of probable cause. We agree.
An arrest made without a warrant must, nonetheless, be supported by probable cause. State v. Timson (1974), 38 Ohio St.2d 122, paragraph one of the syllabus. Although evidence secured incident to an arrest that was not supported by probable cause should be excluded, a valid conviction can still result.Akron v. Thomas (Jan. 27, 1999), Summit App. No. 19031, unreported, at 2-3.
A motion to dismiss that goes beyond the face of charges against a defendant can only be presented as a motion for acquittal pursuant to Crim.R. 29(A) after the prosecution has presented its case. Akron v. Waters (Apr. 23, 1997), Summit App. No. 18004, unreported, at 3-4, citing State v. Varner (1991),81 Ohio App.3d 85, 86. The Ohio Rules of Criminal Procedure do not contemplate "summary judgment" on charges against a defendant prior to trial. Akron v. Thomas, supra, at 3. Consequently, while a trial court can exclude evidence based on a lack of probable cause to arrest, this determination can not be grounds for the dismissal of charges against a defendant. Id.
In this case, the trial court concluded:
 After considering the testimony presented * * * at the evidentiary hearing, and based on the information available to the officers at the time they made the arrest, and the facts and circumstances of the accident, the officers lacked probable cause to believe that the defendant had violated [Akron City Code Section] 73.01(A)(1)[,] driving under the influence of alcohol. Defendant's Motion to Dismiss is hereby sustained in regard to dismissal of the DUI charge.
The trial court improperly dismissed the charge against Defendant based on a determination that the police did not have probable cause to issue the citation. The City's first assignment of error is sustained.
ASSIGNMENT OF ERROR II
 Even if the trial court's ruling was an attempt to grant motion to suppress for lack of probable cause to arrest, no Fourth Amendment seizure occurred.
ASSIGNMENT OF ERROR III
 The trial court erred in ruling [that] the City lacked probable cause because at the time the summons was served the facts and circumstances within the officer's knowledge, for which she had reasonable trustworthy information, were sufficient to warrant a prudent person in believing that the suspect had committed an offense.
ASSIGNMENT OF ERROR IV
 The trial court abused its discretion when it excluded BAC evidence in a suppression hearing and when it failed to impose the least severe sanction consistent with the purpose of the rules of discovery where the prosecuting attorney failed to comply with Defendant's request for discovery.
The trial court granted Defendant's motion to dismiss without ruling on the suppression of the evidence at issue. Because our discussion of the City's first assignment of error is dispositive of the trial court's order, we need not address the remaining assignments of error at this time. The City's first assignment of error is sustained, and the judgment of the trial court is reversed. The cause is remanded to the trial court for proceedings consistent with this opinion.
Judgment reversed,
and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Akron Municipal Court, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellee.
 Exceptions. ___________________________ LYNN C. SLABY
FOR THE COURT
BAIRD, P. J.
QUILLIN, J. CONCUR
(Quillin, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6 (C), Article IV, Constitution.)