The STATE of Ohio, Appellant,

v.

TIPTON, Appellee.

[Cite as *State v. Tipton* (1999), 135 Ohio App.3d 227.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 19355.

Decided Oct. 6, 1999.

**228**

*Michael T. Callahan*, Summit County Prosecuting Attorney, and *Paul Michael Maric*, Assistant Prosecuting Attorney, for appellant.

*Edwin C. Pierce*, for appellee.

---

BATCHELDER, Judge.

Appellant, the state of Ohio, appeals from the decision of the Summit County Court of Common Pleas. We reverse.

On February 26, 1998, Robert L. Tipton, appellee, was indicted on ten counts. On August 11, 1998, Tipton was indicted on three more counts including one count of engaging in a pattern of corrupt activity, in violation of R.C. 2923.32(A)(1), and one count of conspiracy to engage in a pattern of corrupt activity, in violation of R.C. 2923.32(A)(1) and 2923.01. The state voluntarily dismissed three counts from the February 26, 1998 indictment and the trial court dismissed four other counts.

On September 21, 1998, Tipton filed a motion to dismiss two of the remaining counts, engaging in a pattern of corrupt activity and conspiracy to engage in a pattern of corrupt activity. The trial court conducted hearings on Tipton's motion to dismiss on October 19 and 22, 1998. In an order dated October 30, 1998, the trial court granted the motion to dismiss in part, dismissing the state's allegations that grand theft and perjury were predicate offenses to the charges of engaging in a pattern of corrupt activity and conspiracy to engage in a pattern of corrupt activity. This appeal followed.

The state asserts one assignment of error:

"The trial court erred when it dismissed as beyond the statute of limitations predicate acts comprising elements of the charges of engaging in a pattern of corrupt activity and conspiracy to engage in a pattern of corrupt activity."

The state argues that the trial court erred by granting, in part, Tipton's motion to dismiss. The state asserts that it was improper for the trial court to look beyond the face of the indictment to determine whether a motion to dismiss was proper at the pretrial stage. Moreover, the state argues that the trial court should not have examined evidence in ruling on Tipton's motion to dismiss. We agree.

When a defendant in a criminal action files a motion to dismiss that goes beyond the face of the indictment, he is, essentially, moving for summary judgment.

"The Ohio Rules of Criminal Procedure, however, do not allow for 'summary judgment' on an indictment prior to trial. *State v. McNamee* (1984), 17 Ohio

App.3d 175, 17 OBR 306, 478 N.E.2d 843; *Akron v. Davis* (July 31, 1991), Summit App. No. 14989, unreported, 1991 WL 149743. Since [the defendant's] claim went beyond the face of the indictment, he could present his challenge only as a motion for acquittal at the close of the state's case. Crim.R. 29(A). As a general rule, 'premature declarations,' such as that presented [in a pre-trial motion to dismiss], are strictly advisory and an improper exercise of judicial authority. *Fortner v. Thomas* (1970), 22 Ohio St.2d 13, 14, 51 O.O.2d 35, 35, 257 N.E.2d 371, 372." *State v. Varner* (1991), 81 Ohio App.3d 85, 86, 610 N.E.2d 476, 477.

■ The trial court erred in granting Tipton's pretrial motion to dismiss. The trial court went beyond the face of the indictment, looking to the quantum of evidence that the state may be able to present on the perjury offense at trial and looking to evidence adduced at hearings conducted on the motion to dismiss. Moreover, "[w]ere we to recognize the validity of such a procedure, trial courts would soon be flooded with pretrial motions to dismiss alleging factual predicates in criminal cases." *Id.* Hence, we conclude that the trial court erred by looking beyond the face of the indictment when it granted Tipton's motion to dismiss. Accordingly, the state's assignment of error is sustained.

Therefore, the judgment of the Summit County Court of Common Pleas is reversed and the cause is remanded for further proceedings not inconsistent with this decision.

*Judgment reversed*
*and cause remanded.*

CARR, P.J., and WHITMORE, J. concur.