DECISION AND JOURNAL ENTRY
Appellant, State of Ohio ("the State"), appeals from the decision of the Summit County Court of Common Pleas. We reverse.
On April 20, 1999, the Summit County Grand Jury indicted Mr. Khalaf on one count of passing bad checks, in violation of R.C.2913.11. On August 26, 1999, Mr. Khalaf filed a motion for acquittal, contending that he had not been given actual notice of dishonor, and therefore, the trial court should grant his motion for acquittal pursuant to Crim.R. 29. Subsequently, the State filed a motion to dismiss Mr. Khalaf's motion for acquittal, arguing that the issue of whether Mr. Khalaf had notice of dishonor of the check is a factual issue to be decided by the trier of fact and that summary judgment is improper in a criminal case. On October 29, 1999, the trial court granted Mr. Khalaf's motion for acquittal, finding that "per undisputed facts, that actual notice to Mr. Khalaf was not obtained and therefore the required statutory demand notice pursuant to R.C. § 2912.11 was not satisfied." This appeal followed.
The State asserts one assignment of error:
 THE TRIAL COURT ERRED WHEN IT DISMISSED THE OFFENSE OF PASSING BAD CHECKS AT THE PRE-TRIAL STAGE FOR ALLEGEDLY DEFICIENT EVIDENCE AS THERE IS NO SUMMARY JUDGMENT PROVISION IN THE CRIMINAL LAW.
 In its sole assignment of error, the State avers that the trial court erred in dismissing the charge of passing bad checks and acquitting Mr. Khalaf due to allegedly deficient evidence, as there is no summary judgment in criminal proceedings. We agree.
When a defendant in a criminal action files a motion for acquittal pursuant to Crim.R. 29 during pretrial and which goes beyond the face of the indictment, he is essentially moving for summary judgment. First, we note that a motion for acquittal, pursuant to Crim.R. 29(A), can be made only "after the evidence on either side is closed." Moreover, "[t]he Ohio Rules of Criminal Procedure do not allow for `summary judgment' on an indictment prior to trial." State v. Varner (1991), 81 Ohio App.3d 85, 86; see, also, State v. Headley (Dec. 22, 1999), Summit App. No. 19481, unreported, at 3; State v. Tipton (Oct. 6, 1999), Summit App. No. 19355, unreported, at 3.
 Since [the defendant's] claim went beyond the face of the indictment, he could present his challenge only as a motion for acquittal at the close of the state's case. Crim.R. 29(A). As a general rule, "premature declarations," such as that presented here, are strictly advisory and an improper exercise of judicial authority. Fortner v. Thomas (1970), 22 Ohio St.2d 13, 14, 51 O.O.2d 35, 35, 257 N.E.2d 371, 372.
Varner, 81 Ohio App.3d at 86.
In the case at bar, we find that the trial court erred in granting Mr. Khalaf's pretrial motion for acquittal. The trial court went beyond the face of the indictment, conducting a pretrial hearing and reviewing an affidavit and exhibits to determine whether Mr. Khalaf had been given notice of dishonor as required by R.C. 2913.11. Moreover, "[w]ere we to recognize the validity of such [pretrial motions for acquittal], trial courts would soon be flooded with [these motions] alleging factual predicates in criminal cases." Varner, 81 Ohio App.3d at 86. Hence, we conclude that the trial court erred by looking beyond the face of the indictment when it granted Mr. Khalaf's motion for acquittal. Accordingly, the State's assignment of error is sustained.
The State's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed and the cause is remanded for further proceedings consistent with this decision.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
SLABY, J., WHITMORE, J., CONCUR.