DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Michael Roman, appeals from his sentencing in the Lorain County Court of Common Pleas. This Court affirms.
 I. {¶ 2} On March 9, 2005, Appellant was indicted by the Lorain County Grand Jury on one count of escape, a felony of the second degree. On April 27, 2006, Appellant filed a motion to dismiss the indictment. The trial court denied the motion in a September 8, 2006 hearing. Following the denial of the motion to dismiss, Appellant entered a plea of no contest to the amended charge of escape, a *Page 2 
felony of the third degree. Appellant filed a timely notice appeal, raising one assignment of error for our review.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN DENYING [APPELLANT'S] MOTION TO DISMISS THE INDICTMENT."
 {¶ 3} In Appellant's sole assignment of error, he alleges that the trial court erred in denying his motion to dismiss the indictment. As set forth more fully below, we find that Appellant failed to properly preserve this issue for our review.
 {¶ 4} When a defendant in a criminal action files a motion to dismiss that goes beyond the face of the indictment, he is, essentially, moving for summary judgment.
 "The Ohio Rules of Criminal Procedure, however, do not allow for `summary judgment' on an indictment prior to trial. State v. McNamee
(1984), 17 Ohio App.3d 175; Akron v. Davis (July 31, 1991), 9th Dist. No. 14989, at *1. Since [Appellant's] claim went beyond the face of the indictment, he could present his challenge only as a motion for acquittal at the close of the [S]tate's case. Crim.R. 29(A). As a general rule, `premature declarations,' such as that presented [in a pre-trial motion to dismiss], are strictly advisory and an improper exercise of judicial authority. Fortner v. Thomas (1970), 22 Ohio St.2d 13, 14[.]" State v. Varner (1991), 81 Ohio App.3d 85, 86.
 {¶ 5} Accordingly, where an Appellant files a motion to dismiss an indictment on a factual basis prior to trial, such a motion is not properly before the trial court. State v. Rouse (Dec. 8, 1999), 9th Dist. No. 98CA0061, at *1. Here, Appellant filed a motion to dismiss his indictment asserting that he should not *Page 3 
legally have been placed on parole on November 24, 2004 and therefore could not be convicted of escape for failing to report to a parole officer. The basis of Appellant's motion to dismiss went beyond the face of the indictment. As such, he could present his challenge only as a motion for acquittal at the close of the State's case. Crim.R. 29(A).State v. Brandon (Nov. 24, 1993), 9th Dist. No. 16236, at *2, citingVarner, 81 Ohio App.3d at 86.
 {¶ 6} "Were we to recognize the validity of such a procedure, trial courts would soon be flooded with pretrial motions to dismiss alleging factual predicates in criminal cases." Varner, 81 Ohio App.3d at 86. By failing to present his argument as a Crim.R. 29 motion for acquittal at the close of the State's case, Appellant did not properly preserve this argument for appellate review. Id.
 {¶ 7} Accordingly, Appellant's sole assignment of error is overruled.
 III. {¶ 8} Appellant's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into *Page 4 
execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
 SLABY, P. J., DICKINSON, J., CONCUR *Page 1