JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Plaintiff-appellant, State of Ohio, appeals the trial court's decision to grant, in part, the motion to dismiss filed by defendant-appellee, Jeffrey Holder ("Holder"). Finding no merit to the appeal, we affirm.
 {¶ 2} In 2006, Holder was charged in a twelve-count indictment. Counts one through five charged him with the rape of Jane Doe I (d.o.b. March 21, 1991) during the period from July 2005 to December 2005.[1] Counts six through ten charged him with the gross sexual imposition involving Jane Doe I, during the period from July 2005 to December 2005. Counts eleven and twelve charged him with the sexual battery of Jane Doe II (d.o.b. February 24, 1992) during the period from December 2005 to January 2006.
 {¶ 3} Prior to trial, Holder filed a motion to dismiss all counts, alleging that counts one through twelve are undifferentiated "carbon copy" indictments. He argued that the "carbon copy" indictments violate his constitutional right to due process and his right to protection against double jeopardy.[2] Holder relied on Valentine v. Konteh (6th Cir. 2005), 395 F.3d 626, to support his argument. The trial court granted Holder's motion to dismiss in part, dismissing counts two through five, seven through ten, and count eleven. *Page 4 
 {¶ 4} The State now appeals, arguing in its sole assignment of error that the trial court erroneously granted a "pretrial summary judgment" in favor of Holder, without affording the victims the opportunity to delineate the specific allegations at trial. The State further argues that the trial court's application of Valentine, prior to trial, precluded the State from delineating the factual bases for the charges at trial. We disagree.
 {¶ 5} As a general rule, the Ohio Rules of Criminal Procedure do not allow for "summary judgment" on an indictment prior to trial. State v.Varner (1991), 81 Ohio App.3d 85, 86, 610 N.E.2d 476; State v.McNamee (1984), 17 Ohio App.3d 175, 478 N.E.2d 843. Moreover, "premature declarations," such as a pretrial motion to dismiss, are strictly advisory and an improper exercise of judicial authority. State v.Tipton (1999), 135 Ohio App.3d 227, 733 N.E.2d 634; Fortner v.Thomas (1970), 22 Ohio St.2d 13, 14, 257 N.E.2d 371, 372;Varner, supra.
 {¶ 6} In the criminal context, a pretrial motion to dismiss can only raise matters that are "capable of determination without a trial of the general issue." Crim.R. 12(C); State v. Ethridge, Cuyahoga App. No. 87859, 2006-Ohio-6768; State v. O `Neal (1996), 114 Ohio App.3d 335,336, 683 N.E.2d 105. The motion "tests the sufficiency of the indictment, without regard to the quantity or quality of evidence that may be produced by either the state or the defendant." State v.Patterson (1989), 63 Ohio App.3d 91, 95, 577 N.E.2d 1165. In testing the sufficiency of the indictment or complaint, the proper determination is: *Page 5 
 "(1) `whether the indictment contains the elements of the offense intended to be charged,' (2) `and sufficiently apprises the defendant of what he must be prepared to meet,' and, (3) `in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.'" (Emphasis added.) State v. Ogle, Cuyahoga App. No. 87695, 2007-Ohio-5066, quoting State v. Russell (1962), 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed. 2d 240.[3]
 {¶ 7} Moreover, the United States Supreme Court in United States v.Cruikshank (1875), 92 U.S. 542, 558, 23 L.Ed. 588, stated that:
 "The object of the indictment is, first, to furnish the accused with such a description of the charge against him as will enable him to make his defence, and avail himself of his conviction or acquittal for protection against a further prosecution for the same cause; and, second, to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had. For this, facts are to be stated, not conclusions of law alone. A crime is made up of acts and intent; and these must be set forth in the indictment, with reasonable particularity of time, place, and circumstances." (Emphasis added.) See also, Ogle.
 {¶ 8} Holder relies on Valentine to support his claim that the indictment was defective. He argues that his constitutional due process rights were violated when the indictment and bill of particulars did not apprise him of what occurrences formed the basis of the charges he faced, in order to protect him from double jeopardy.[4] We agree. *Page 6 
 {¶ 9} In Valentine, the defendant was indicted in a forty-count indictment alleging sexual abuse. The court found that Valentine's due process rights were violated because of the lack of specific dates and times for each count alleging child abuse, where there was no evidence that more information existed. Id.[5]
 {¶ 10} The Valentine court held that:
 "the indictment charging Valentine with multiple, identical and undifferentiated counts violated the constitutional requirements imposed by due process. * * * When prosecutors opt to use such carbon-copy indictments, the defendant has neither adequate notice to defend himself, nor sufficient protection from double jeopardy. * * * Importantly, the constitutional error in this case is traceable not to the generic language of the individual counts of the indictment but to the fact that there was no differentiation among the counts." (Emphasis added.) Ogle, citing Valentine at 636.
 {¶ 11} In the instant case, the State indicted Holder with five carbon copy rape counts, five carbon copy gross sexual imposition counts, and two carbon copy sexual battery counts. Holder timely raised his objection pursuant to Crim.R. 12(C). However, the prosecutor failed to respond with an amendment to the indictment or a supplemental bill of particulars to differentiate these counts from one another "such that a court in a second trial would be able to discern whether there had been a *Page 7 
previous finding of not guilty as to the alleged act." SeeOgle. Therefore, we find that the indictment was insufficient and the trial court did not err in granting, in part, Holder's motion to dismiss.
 {¶ 12} Accordingly, the sole assignment of error is overruled.
Judgment is affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, A.J., and FRANK D. CELEBREZZE, JR., J., CONCUR
[1] These first five charges contained a notice of prior conviction and repeat violent offender specifications.
[2] Holder filed his motion to dismiss pursuant to Crim.R. 12(C), which provides that objections based on defects in the indictment, information, or complaint must be raised before trial.
[3] The due process rights announced in Russell are required in federal and state criminal charges. See Ogle andValentine.
[4] Double jeopardy is established by the Fifth Amendment of the United States Constitution, which states that: "[n]o person shall * * * be subject for the same offence to be twice put in jeopardy of life or limb * * *." The Fifth Amendment is applicable to the states through the Fourteenth Amendment. Benton v. Maryland (1969),395 U.S. 784, 89 S.Ct. 2056,23 L.Ed.2d 707.
"The underlying idea [embodied in the Double Jeopardy Clause], * * * is that the State * * * should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty." Green v.United States (1957), 355 U.S.184, 78 S.Ct. 221, 2 L.Ed.2d 199.
[5] We note that in Valentine, the court did not rule out multiple-count indictments or impose an overly stringent burden upon the prosecution. The Valentine court held that "differentiation is quite possible without exacting specificity." See also, State v. Ford, Cuyahoga App. No. 88236, 2007-Ohio-2645. *Page 1