[Cite as *State v. Baker*, 2021-Ohio-1004.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,              CASE NO. 13-20-12

    v.

KYLE M. BAKER,                    O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Seneca County Common Pleas Court
Trial Court No. 19 CR 0111

Judgment Affirmed

Date of Decision: March 29, 2021

APPEARANCES:

    *Gene P. Murray* for Appellant

    *Derek W. DeVine* for Appellee

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Kyle M. Baker ("Baker"), appeals the December 19, 2019 judgment entry denying his motion to suppress evidence; the February 25, 2020 judgment entry denying Baker's motion to dismiss the indictment; and the June 26, 2020 judgment entry of sentence by the Seneca County Common Pleas Court. For the reasons that follow, we affirm.

{¶2} The genesis of this case is a series of drug-related events occurring between February 12, 2019 and continuing through April 4, 2019. (Doc. No. 1).

{¶3} On June 6, 2019, the Seneca County Grand Jury indicted Baker on the following criminal charges: Counts One, Two, Three, and Four, aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1), (C)(1)(a), all fourth-degree felonies; Count Five, aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1), (C)(1)(d), a first-degree felony; Count Six, aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1), (C)(1)(c), a second-degree felony; Count Seven, aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2), (C)(1)(d), a second-degree felony; Count Eight, aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2), (C)(1)(c), a third-degree felony; Count Nine, aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2), (C)(5)(d), a third-degree felony; Count Ten, aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1), (C)(1)(c), a third-degree felony; Count Eleven, aggravated

possession of drugs in violation of R.C. 2925.11(A), (C)(1)(a), a fifth-degree felony; and Count Twelve, having weapons while under disability in violation of R.C. 2923.13(A)(2), (B), a third degree felony.[1] (Doc. No. 1). The indictment included specifications as to Counts Five, Six, Seven, Eight, Nine, Ten, and Eleven. (*Id.*). Baker appeared for arraignment on June 10, 2019 and entered pleas of not guilty. (Doc. No. 6).

{¶4} On July 15, 2019, Baker filed a motion to suppress evidence arguing that the affidavit supporting the issued search warrants failed to establish probable cause.[2] (Doc. No. 20). The State filed a memorandum in opposition to Baker's motion on July 22, 2019. (Doc. No. 21). After a substitution of trial counsel, Baker's new attorney filed a supplemental motion to suppress and/or in the alternative motion to dismiss indictment on September 11, 2019. (Doc. Nos. 24, 25, 27, 28, 33). The State filed a memorandum in opposition to Baker's supplemental motion on September 15, 2019. (Doc. No. 34). Following a hearing on November 26, 2019, the trial court denied Baker's motions to suppress. (Doc. Nos. 50, 51). Nevertheless, Baker filed another motion to dismiss, which the trial court denied. (Doc. Nos. 68, 69, 70).

---

[1] Counts One, Two, Three, Four, Five, Six, Seven, and Ten involved Methamphetamine, Count Eight Psilocyn, Count Nine Lysergic Acid Diethlamide ("LSD"), and Count Eleven Oxycodone. (Doc. No. 1). The trial court subsequently amended the indictment to reflect the correct penalties in Counts Five, Six, and Seven without objection from the defense. (Doc. Nos. 15, 16, 72, 73).

[2] The search warrants under consideration involve the search of Baker's motor vehicle pursuant to a search warrant issued on February 14, 2019 and a search of Baker's residence located at 575 E. S.R. 18, Apt. F12, Tiffin, Ohio pursuant to a search warrant issued on April 4, 2019. (Doc. No. 20).

{¶5} On February 12, 2020, Baker filed a motion to interview the confidential informant ("CI") prior to trial. (Doc. No. 63). The State filed a memorandum in opposition. (Doc. No. 66). The trial court granted the defense's request. (Doc. No. 67). However, on February 21, 2020, Baker filed a motion to dismiss the indictment because the State failed to produce the CI for his pretrial interview. (Doc. No. 68). The State opposed Baker's motion on February 24, 2021 arguing that it was premature likening it to a Crim.R. 29 motion. (Doc. No. 69). The trial court denied Baker's motion to dismiss the indictment on February 25, 2020. (Doc. No. 70).

{¶6} On February 27, 2020, Baker withdrew his pleas of not guilty and entered no-contest pleas to the indictment as charged.[3] (Doc. No. 75). The trial court accepted Baker's no-contest pleas, found him guilty, and ordered that a presentenced investigation report ("PSI") be prepared.[4] (Doc. No. 76).

{¶7} On June 25, 2020, the trial court sentenced Baker to a mandatory indefinite prison term of a minimum of 6 years in prison with a maximum indefinite prison term of 21 years.[5] (Doc. No. 80). The judgment entry of sentencing was journalized on June 26, 2020. (*Id.*).

---

[3] Baker executed an agreed forfeiture as to all specifications. (Doc. No. 74).

[4] Prior to sentencing and on June 17, 2020, trial counsel filed an affidavit of indigency. (Doc. No. 79).

[5] Baker was given 408 days' jail-time credit. (Doc. No. 80). The trial court ordered mandatory-drug fines in the amount of $37,500 as to Counts Five, Six, Seven, Eight, Nine, and Ten (which were waived) and non-mandatory fines in the sum of $4,500. (Doc. Nos. 79, 80). The trial court also ordered Baker to pay all costs of processing, supervision, confinement, indigent attorney's fees, and prosecution. (Doc. No. 80). The trial court then released and discharged Baker's bond monies held on deposit less statutory fees, court costs, and

{¶8} Baker filed his notice of appeal on July 21, 2020 and raises two assignments of error, which we address separately. (Doc. No. 82).

### Assignment of Error I

**The Trial Court Abused Its Discretion When It Denied Defendant-Appellant's Supplemental Motion To Suppress, And/Or In The Alternative, Motion To Dismiss The Indictment, As The State's Detectives Received What Was Tantamount To A Confession To The Indicted Charges From The Defendant-Appellant, In Consideration For Releasing Defendant-Appellant From State Custody And In Consideration For And Of An Effectual Oral Adhesion Contract, In Violation Of Due Process Of Law, As Guaranteed To Defendant-Appellant's Fundamental And Substantial Right Against Self-Incrimination, As Guaranteed To Defendant-Appellant By The Fifth Amendment To The United States Constitution, Applicable To The States Through The Due Process Clause Of The Fourteenth Amendment To The United States Constitution.**

{¶9} In his first assignment of error, Baker argues that the trial court erred by denying his motion to suppress his confession.[6] Specifically, Baker asserts that his performance under the terms of his agreement to cooperate with law enforcement was impossible, which was foreseeable to law enforcement at the time he confessed to his crimes. We disagree.

---

restitution. (*Id.*). The trial court ordered the collection of a DNA specimen, notified Baker of his federal felony-conviction-firearm disability, and ordered the forfeiture of all items and currency in the forfeiture specifications under Counts Seven, Eight, Nine, Ten, and Eleven. (*Id.*).

[6] Importantly, Baker is not challenging the trial court's determination that there was probable cause established by Detective Charles Boyer's ("Det. Boyer") affidavit supporting the execution of search warrants on Baker's vehicle and residence. (*See* Doc. Nos. 20, 51). Moreover, Baker is not challenging whether his Miranda waivers were voluntary, intelligent, and knowing.

*Standard of Review*

{¶10} "Appellate review of a motion to suppress presents a mixed question of law and fact." *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. At a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to evaluate the evidence and the credibility of witnesses. *Id.*, citing *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). *See State v. Carter*, 72 Ohio St.3d 545, 552 (1995). When reviewing a ruling on a motion to suppress, "an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Burnside* at ¶ 8, citing *State v. Fanning*, 1 Ohio St.3d 19 (1982). With respect to the trial court's conclusions of law, however, our standard of review is de novo, and we must independently determine whether the facts satisfy the applicable legal standard. *Id.*, citing *State v. McNamara*, 124 Ohio App.3d 706, 710 (4th Dist.1997).

*Analysis*

{¶11} Before we address the merits of Baker's arguments, we must address whether he has properly preserved his appeal. While there can be an appeal from convictions following no-contest pleas, the issues that can be raised upon such an appeal are limited, pursuant to Crim.R. 12(I), to include claims "that the trial court prejudicially erred in ruling on a pretrial motion, including a pretrial motion to

suppress evidence." Because Baker challenges the trial court's determination of his pretrial motion to suppress evidence, his appeal is properly before us.

{¶12} Baker's argument that he had an affirmative defense of impossibility as to his promise to assist law enforcement in an undercover-narcotics operation is without merit. To the extent that Baker is arguing that he entered into an adhesion contract (i.e., a plea agreement with Detective Charles Boyer's ("Det. Boyer")), his argument is specious. (Appellant's Brief at 14). It is well established that a law enforcement officer is not authorized to negotiate a plea with a person accused of a crime, and such a plea-bargain agreement is unenforceable and of no effect. *State v. Mathews*, 8 Ohio App.3d 145, 146 (10th Dist.1982); *see also State v. Fulton*, 66 Ohio App.3d 215, 218 (3d Dist.1990) (holding "that plea bargain agreements entered into by police officers are unenforceable and inappropriate"); Evid.R. 410.

{¶13} However, even if we were to assume without deciding that there was an enforceable oral contract, (which included an offer, acceptance, and consideration) his argument still fails. """Impossibility of performance is an affirmative defense to a breach of contract claim. Impossibility of performance occurs where, after the contract is entered into, an unforseen [sic] event arises rendering impossible the performance of one of the contracting parties.""" *State v. Curtis*, 2d Dist. Greene No. 2008 CA 22, 2008-Ohio-5643, ¶ 31, quoting *Hiatt v. Giles*, 2d Darke No. 1662, 2005-Ohio-6536, ¶ 34, quoting *Skilton v. Perry Local*

*School Dist. Bd. of Educ.*, 11th Lake No. 2001-L-140, 2002-Ohio-6702, at ¶ 26 (Dec. 6, 2002), *aff'd*, 102 Ohio St.3d 173, 2004-Ohio-2239. "'Performance * * * may be impracticable because it will involve a risk of injury to person or property * * * that is disproportionate to the ends to be attained by performance.'" *B-Right Trucking Co. v. Warfab Field Machining and Erection Corp.*, 11th Dist. Trumbull No. 2000-T-0072, 2001-Ohio-8724, 2001 WL 1602687 (Dec. 14, 2001), quoting Restatement of the Law 2d, Contracts, Impracticability of Performance, Section 261, at 316 (2000). "Impracticability" means more than "impracticality." *Id.* at 5. A mere change in the degree of difficulty or expense does not amount to impracticability. *Id.* A party is expected to use reasonable efforts to surmount obstacles to performance, and performance is only impracticable if it is so in spite of such efforts. *Id.* Importantly, the trial court determined "that the defendant could not produce any evidence of his fulfilling his promise to help in apprehending his source." (Doc. No. 51). Put more plainly, he failed to perform entirely as cooperation was the condition precedent to the State's consideration.

{¶14} Indeed, Baker failed to cooperate with Det. Boyer's investigation by refusing to communicate with Det. Boyer even though Det. Boyer purchased Baker a cell phone, which Baker later destroyed. (Nov. 26, 2019 Tr. at 18, 30-31). Moreover, the crux of Baker's argument is that Det. Boyer made certain promises

to him, which Det. Boyer disputed.[7]  (*Id.* at 12-15, 17-21, 28, 32-33).  Specifically, Det. Boyer testified that Baker would get consideration (through the State) based on Baker's level of cooperation with law enforcement.  (*Id.* at 23-24).  Ultimately, the trial court determined Det. Boyer's testimony to be more credible (than Baker's) noting that Baker was not able recall even simple facts relevant to the case.  (Doc. No. 51).  *See Burnside* at ¶ 8.

{¶15} Based on the foregoing and under the totality of the circumstances, we conclude that the record supports that Baker did not cooperate with law enforcement in any undercover-narcotics operation.  Thus, the trial court's findings are supported by competent, credible evidence, and consequently, the trial court did not err by denying Baker's motion to suppress his confession.

{¶16} Accordingly, Baker's first assignment of error is overruled.

### Assignment of Error II

**The Defendant-Appellant Was Denied His Fundamental And Substantial Right To Confrontation Of Witnesses, When The Trial Court Granted The Defendant-Appellant's Motion To Interview The State's Confidential Informant Prior To Trial, And The State Did Not Produce Its Confidential Informant To Be Interviewed By Defendant-Appellant, Nor Could The State Procure The State's Confidential Informant For The Defendant-Appellant To Cross-Examine At Trial, In Violation Of The Confrontation Clause Of The Sixth Amendment To The United States Constitution, Applicable To The States Through The Due Process Clause Of The Fourteenth Amendment To The Constitution Of The United States, And Also In Violation Of The**

---

[7] Baker testified that Det. Boyer stated, "the whole day would be a bad dream if I cooperated with the investigation."  (Nov. 26, 2019 Tr. at 33).

**Confrontation Clause Of Article I, Section 10 Of The Constitution Of The State Of Ohio.**

{¶17} In his second assignment of error, Baker argues that he could not receive a fair trial because he was not able to interview the CI prior to trial. In particular, he argues that the trial court erred by not dismissing his indictment. We disagree.

*Standard of Review*

{¶18} "'A motion to dismiss charges in an indictment tests the sufficiency of the indictment, without regard to the quantity or quality of evidence that may be produced by either the State or the defendant.'" *State v. Carpenter*, 3d Dist. Seneca No. 13-18-16, 2019-Ohio-58, ¶ 87, quoting *State v. Balo*, 3d Dist. Allen No. 1-10-48, 2011-Ohio-3341, ¶ 35, citing *State v. Eppinger*, 8th Dist. Cuyahoga No. 85631, 2005-Ohio-4155, ¶ 37. "'A reviewing court must examine the face of the charging instrument to determine its sufficiency.'" *Id.*, quoting *id.*, citing *State v. Egler*, 3d Dist. Defiance No. 4-07-22, 2008-Ohio-4053, ¶ 14, *State v. Desote*, 3d Dist. Putnam Nos. 12-03-05 and 12-03-09, 2003-Ohio-6311, ¶ 8, and *Eppinger* at ¶ 37.

{¶19} We review a trial court's denial of a motion to dismiss an indictment under a de novo standard of review. *Carpenter* at ¶ 88, citing *State v. Robertson*, 3d Dist. Henry No. 7-14-16, 2015-Ohio-1758, ¶ 17. "'"De novo review is independent, without deference to the lower court's decision."'" *Id.*, quoting *id.*, quoting *State v. Hudson*, 3d Dist. Marion, 2013-Ohio-647, ¶ 27.

*Analysis*

**{¶20}** Since Baker entered no-contest pleas and his motion to dismiss is not enumerated under Crim.R. 12(I) as was his motion to suppress, we must look to subsection (C) under Crim.R. 12 to determine if Baker has preserved this issue on appeal. Under Crim.R. 12(C), a pretrial motion is defined as "any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue." Hence, no-contest pleas do not preserve appellate review of a trial court's ruling on a pretrial motion where the issue raised by the motion was not a "'defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue.'" *State v. Brock*, 3d Dist. No. 5-06-27, 2006-Ohio-6681, ¶ 9, quoting *State v. Watson*, 10th Dist. Franklin No. 80AP-880, 1981 WL 3435, *2 (Aug. 27, 1991), citing Crim.R. 12(C). *See also State v. Evans*, 2d Dist. No. 21669, 2007-Ohio-6587, ¶ 11. Furthermore, where a defendant enters into a negotiated-plea bargain, and in turn, enters a no-contest plea based upon an erroneous assumption (i.e., a mistake of law), joined in by the trial court and the prosecution, that the plea will preserve his appellate rights to challenge the trial court's ruling on a pretrial issue, the plea bargain must be rescinded, and the plea vacated.[8] *Brock* at ¶ 10, 12. *See also City of Columbus v. Sullivan*, 4 Ohio

---

[8] Here, there is no evidence that the parties engaged in plea negotiations. Baker pleaded no contest to the indictment as charged agreeing to the forfeiture of all items and currency in the forfeiture specifications under Counts Seven, Eight, Nine, Ten, and Eleven and was found guilty by the trial court. (Doc. No. 80); (*See* Doc. No. 75). Moreover, even if there were evidence in the record to the contrary, we were not provided with the

App.3d 7, 10 (1982); *State v. Schubert*, 3d Dist. Seneca No. 13-85-22, 1986 WL 14413, *1 (Dec. 22, 1986); *City of Columbus v. Quinn*, 10th Dist. No. 86AP-1079, 1987 WL 28458, *3 (Dec. 17, 1987).

{¶21} "As a general rule, the Ohio Rules of Criminal Procedure do not allow for summary judgment on an indictment prior to trial." *State v. Certain*, 4th Dist. Ross No. 07CA3003, 2009-Ohio-148, ¶ 4, citing *State v. Holder*, 8th Dist. Cuyahoga No. 89709, 2008-Ohio-1271, ¶ 5, and *State v. Turic*, 2d Dist. Montgomery Nos. 21453 and 21454, 2006-Ohio-6664, ¶ 11.  Moreover, "'premature declarations,'" such as a pretrial motion to dismiss, "are strictly advisory and an improper exercise of judicial authority." *State v. Tipton*, 135 Ohio App.3d 227, 229 (1999), quoting *State v. Varner*, 81 Ohio App.3d 85, 86 (1991) and *Fortner v. Thomas*, 22 Ohio St.2d 13, 14 (1970).  "[A] pretrial motion to dismiss can only raise matters that are 'capable of determination without a trial of the general issue.'" *Certain* at ¶ 4, quoting Crim.R. 12(C).  A motion to dismiss a[n indictment] pursuant to Crim.R. 12(C) challenges the sufficiency of the [indictment] without regard to the quantity or quality of the evidence to be produced by the State.  *State v. Stout*, 3d Dist. No. 8-07-12, 2008-Ohio-161, ¶ 12, citing *State v. Patterson*, 63 Ohio App.3d 91, 95 (1989).  "Normally, when a motion to dismiss requires examination of evidence beyond the face of the indictment, it must be presented as a motion for acquittal at

transcripts of the change of plea or sentencing hearing.  *See* App.R. 9(B)(3)-(5), (C), (D).  Notably, Baker is not seeking to withdraw his no-contest pleas on this basis.

the close of the [S]tate's case [under Crim.R. 29]." *Certain* at ¶ 5, citing *State v. Nihiser*, 4th Dist. Hocking No. 03CA21, 2004-Ohio-4067, ¶ 10, *Eppinger*, 2005-Ohio-4155, at ¶ 36, and *State v. Link*, 5th Dist. Knox No. 03 CA 7, 2003-Ohio-6798, ¶ 12.

{¶22} Here, Baker does not challenge the State's compliance with Crim.R. 6 or 7. Rather, he challenges whether the State could produce its CI at trial. Hence, where a pretrial motion to dismiss requires the trial court "to look beyond the face of the [indictment] to the evidence and testimony that would be offered at trial," the motion is improper as a pretrial motion. *See Certain*, 2009-Ohio-148, at ¶ 5; *Stout*, 2008-Ohio-161, at ¶ 12.

{¶23} Under the facts before us, Baker sought a dismissal of the indictment as a result of evidentiary issues related to hearsay and the unavailability of the State's witness (i.e., a CI). We conclude Baker's motion to dismiss is the functional equivalent to a motion in limine. Because Baker entered no-contest pleas and did not lodge a proper objection *at trial*, his argument is waived.[9] *See State v. Miller*, 3d Dist. Allen No. 1-18-17, 2018-Ohio-4648, ¶ 8-10; *State v. Engle*, 74 Ohio St.3d 525, 529 (1996) (Resnick, J., concurring) ("By entering a plea of no contest * * *,

---

[9] To the extent that Baker argues that the State's inability to procure the CI prior to trial violates the Confrontation Clause, his argument is specious. *See State v. Wickline*, 50 Ohio St.3d 114, 118 (1990) ("The Confrontation Clause is not a pretrial discovery device"); *State v. Ruggles*, 12th Dist. Warren Nos. CA2019-05-038, CA2019-05-044, CA2019-05-045, & CA2019-05-46, 2020-Ohio-2886, ¶ 19.

the defendant voluntarily waives the right to appeal the ruling on the motion [in limine].")[10]; *State v. Brown*, 38 Ohio St.3d 305 (1988), paragraph three of the syllabus ("A denial of a motion in limine does not preserve error for review. A proper objection must be raised at trial to preserve error."); *State v. Maurer*, 15 Ohio St.3d 239, 258-260 (1984). Even if we were to construe this as a motion for acquittal, his argument fails for the same reason. *See Tipton* at 228-229.

{¶24} Accordingly, Baker's second assignment of error is overruled.

{¶25} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and SHAW, J., concur.**

**/jlr**

---

[10] Justice Resnick's concurrence was joined by a majority of the court. *Engle*, 74 Ohio St.3d at 530.