OPINION
{¶ 1} Michelle M. Turic and Donna Lochtefeld appeal pro se in these consolidated appeals from their convictions on misdemeanor charges of failure to register a dog in violation of R.C. § 955.21.
 {¶ 2} The appellants advance four assignments of error on appeal. First, they contend the trial court erred in ordering each of them to pay court costs despite having consolidated their cases. Second, they argue that the trial court erred in overruling Lochtefeld's pretrial motion to dismiss and her Crim.R. 29 motion for a judgment of acquittal. Third, they claim the trial court erred in overruling Turic's Crim.R. 29 motion for a judgment of acquittal. Fourth, they assert that Lochtefeld's conviction under R.C. § 955.21 is against the manifest weight of the evidence.
 {¶ 3} The record reflects that the charges against Lochtefeld and Turic were tried to the bench on December 15, 2005. The only witnesses were animal-control officers David Walthall and Bill Almashy. With regard to Lochtefeld, Walthall testified that on June 3, 2005, he responded to 1563 Emmons Avenue after receiving a complaint about a dog attack. Upon arriving at the residence, Walthall heard two dogs barking behind a privacy fence. According to Walthall, Lochtefeld answered the front door and told him that she was keeping the dogs on her property for someone else. Lochtefeld also told Walthall that "she did not have a license for the dogs" and that there "was no license for the dogs." A subsequent search of county records revealed no dog registration issued in Lochtefeld's name.
 {¶ 4} With regard to Turic, Almashy testified that on June 6, 2005, he responded to 1563 Emmons Avenue on a complaint about a dog attack. Upon arriving at the residence, Almashy observed what appeared to be two pit bull terriers. He also met Turic at the residence. According to Almashy, she admitted owning the dogs, which she claimed to have owned for a number of years. Although she could not provide Almashy with proof of registration for the dogs, Turic told him that she resided in St. Mary's, Ohio, in Auglaize County and that they had been licensed there. As a result of this claim, Almashy conducted an investigation and found no evidence of either dog being registered in Auglaize County as of June 6, 2005. Almashy also presented evidence that Turic applied for licenses for an eight-year-old terrier and a five-year-old terrier on June 13, 2005, in Auglaize County.
 {¶ 5} Following the State's case, Lochtefeld and Turic declined to testify or to present any evidence. Turic then reminded the court of unresolved pretrial motions to dismiss and for a finding of indigency. Turic also argued for a Crim.R. 29 judgment of acquittal in favor of herself and Lochtefeld. The trial court overruled the requests for dismissal and subsequently made a finding of indigence on the part of Lochtefeld and Turic. It also found the two women guilty under R.C. § 955.21. With regard to sentencing, the trial court ordered Lochtefeld and Turic each to pay a $100 fine and court costs and to perform thirty hours of community service. The trial court suspended the fine and court costs, however, based on its finding of indigence. This timely appeal followed.
 {¶ 6} In their first assignment of error, the appellants contend the trial court erred in ordering each of them to pay court costs despite having consolidated their cases. We find this argument to be without merit.
 {¶ 7} As an initial matter, we note that R.C. § 2947.23
"requires a court to assess convicted defendants," including those who are indigent. State v. White, 103 Ohio St.3d 580, 582, 2004-Ohio-5989. The statute provides that "[i]n all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs." R.C. 2947.23(A)(1).
 {¶ 8} Lochtefeld and Turic appear to believe that the imposition of separate court costs against them was improper because the costs were incurred only once given the consolidation of their cases. Nothing in the record supports such a conclusion. The record reflects only that the trial court imposed unspecified court costs against Lochtefeld and Turic. The appellants cite nothing establishing that these costs were not incurred despite the consolidation of their two cases for trial. In any event, we note that the trial court expressly suspended their fine and court costs upon its finding of indigence. The first assignment of error is overruled.
 {¶ 9} In their second assignment of error, the appellants contend the trial court erred in overruling Lochtefeld's pretrial motion to dismiss and her Crim.R. 29 motion for a judgment of acquittal at trial.
 {¶ 10} In support of her pretrial motion to dismiss, Lochtefeld provided the trial court with an affidavit from Turic, who averred that she was the owner, keeper, and harborer of the dogs at issue. Turic also averred that the dogs had been registered prior to the issuance of the citations. She also admitted, however, that she lacked verification of the registration because she had been unable to contact the veterinarian's office. For her part, Lochtefeld provide an unnotarized statement in which she denied being the owner, keeper, or harborer of the dogs. She also denied having the financial ability to care for the dogs.
 {¶ 11} Upon review, we find no error in the trial court's denial of Lochtefeld's pretrial motion to dismiss. "When a defendant in a criminal action files a motion to dismiss that goes beyond the face of the [charging instrument], he is, essentially, moving for summary judgment."State v. Tipton (1999), 135 Ohio App.3d 227, 228. "'The Ohio Rules of Criminal Procedure, however, do not allow for `summary judgment' on [a charging instrument] prior to trial." Id. at 229 (citations omitted). Therefore, the trial court did not err in denying Lochtefeld's pretrial motion to dismiss.
 {¶ 12} We also find no error in the trial court's denial of Lochtefeld's Crim.R. 29 motion during trial. The basis for the motion was that Lochtefeld did not qualify as a keeper or harborer of unregistered dogs, as required for a conviction under R.C. § 955.21.
 {¶ 13} A Crim.R. 29 motion for judgment of acquittal challenges the legal sufficiency of the evidence. State v. Carter, Montgomery App. No. 21145, 2006-Ohio-2823, ¶ 40. When considering such a motion, a trial court must construe the evidence in a light most favorable to the State and determine whether reasonable minds could reach different conclusions about whether the evidence proves each element of the offense charged beyond a reasonable doubt. If a rational trier of fact could find the essential elements of the crime to be proven beyond a reasonable doubt, a defendant is not entitled to acquittal under Crim.R. 29.Carter, supra, at ¶ 41.
 {¶ 14} On appeal, Lochtefeld contends the trial court erred in overruling her Crim.R. 29 motion and in finding that she was the keeper or harborer of the dogs that Walthall heard behind her privacy fence on June 3, 2005. Lochtefeld asserts that she had just returned home from an out-of-town trip when Walthall arrived and that she was not in control of the premises or the dogs.
 {¶ 15} Lochtefeld's argument implicates R.C. § 955.21, which provides that "[n]o owner, keeper, or harborer of a dog more than three months of age, nor owner of a dog kennel, shall fail to file the application for registration required by section 955.01 of the Revised Code, nor shall he fail to pay the legal fee therefor." Thus, in order to convict Lochtefeld, the trial court was required to conclude, inter alia, that she was the owner, keeper, or harborer of an unregistered dog.
 {¶ 16} "An owner is the person to whom a dog belongs, while a keeper has physical control over the dogs. * * * `In determining whether a person is a harborer * * * the focus shifts from possession and control over the dog to possession and control of the premises where the dog lives.'" Flint v. Holbrook (1992), 80 Ohio App.3d 21, 25 (citations omitted).
 {¶ 17} The State's evidence, if believed, was sufficient to establish that Lochtefeld was the keeper or harborer of the dogs. Walthall testified that on June 3, 2005, Lochtefeld admitted keeping the dogs on her property for someone else. This testimony alone supports a finding that she kept or harbored the dogs. We note too that the trial transcript contains no testimony supporting Lochtefeld's claim about having been out of town. Lochtefeld did not testify or present any evidence at trial. As the trial court noted, the appellants' oral argument was not evidence. In any event, regardless of whether Lochtefeld had been out of town, Walthall's testimony was sufficient to support a finding that she kept or harbored the dogs. Indeed, even on appeal, Lochtefeld does not dispute that the dogs were in her yard behind a privacy fence while she was home.
 {¶ 18} Lochtefeld also challenges the credibility of Walthall's testimony, arguing that it was contradictory at times. When considering the legal sufficiency of the evidence, however, we do not engage in a determination of witness credibility. State v. Goff, 82 Ohio St.3d 123,139, 1998-Ohio-369. Accordingly, the second assignment of error is overruled.
 {¶ 19} In their third assignment of error, the appellants claim the trial court erred in overruling Turic's Crim.R. 29 motion for a judgment of acquittal. We disagree. Once again, the State's evidence, if believed, was sufficient to satisfy the elements of R.C. § 955.21. First, Almashy testified that on June 6, 2005, Turic admitted owning the dogs at issue. Second, Almashy testified that she provided no proof of registration, and he independently found no evidence that the dogs had been registered. Third, the State presented testimony from Almashy, as well as documentary evidence, establishing that Turic's dogs were more than three months old. Therefore, her conviction for violating R.C. § 955.21 was based on legally sufficient evidence, and the trial court did not err in overruling her Crim.R. 29 motion.
 {¶ 20} In opposition to the foregoing conclusion, Turic contends the State failed to account for the possibility that her registration may have been lost or misplaced by a county representative. She also argues that Almashy's testimony lacked credibility. Finally, she relies on her own argument to the trial court that the dogs had been properly registered. These arguments fail to persuade us that Turic's Crim.R. 29 motion should have been sustained. Based on Almashy's testimony, the trial court had legally sufficient evidence to find that the dogs were unregistered on June 6, 2005. With regard to Almashy's credibility, we do not assess witness credibility when reviewing the legal sufficiency of the State's evidence. Finally, Turic's oral argument to the court about the registration of her dogs was not evidence. The third assignment of error is overruled.
 {¶ 21} In their fourth assignment of error, the appellants argue that Lochtefeld's §,b) 955.21 is against the manifest weight of the evidence.[1] When a conviction is challenged on appeal as being against the weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52. A judgment should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." State v.Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 22} Here the evidence does not weigh heavily against Lochtefeld's conviction. In support of her manifest-weight challenge, she argues that "[t]he inconsistencies of Officer Walthall's testimony as to seeing and hearing dogs; and, the fact that Mrs. Lochtefeld had only moments prior to Officer Walthall's knock, returned home from an out-of-state trip, should bring doubt to the average mind, how much control she had over the premises or the dogs[.]"
 {¶ 23} The foregoing argument fails to persuade us that Lochtefeld's conviction is against the manifest weight of the evidence. Walthall did initially testify about seeing the two dogs on June 3, 2005. He then corrected himself, however, and stated that he merely heard them behind a privacy fence when he spoke to Lochtefeld at her residence. Despite this inconsistency, nothing in the trial transcript controverts Walthall's crucial testimony that Lochtefeld admitted keeping the unlicensed dogs on her property for someone else. As record also is devoid of evidence to support Lochtefeld's argument to the trial court that she had returned home shortly before Walthall's arrival. But even if she had just returned home, the record still supports a finding that she was a keeper or harborer of the dogs. Therefore, her conviction for violating R.C. 955.21 is not against the manifest weight of the evidence. The fourth assignment of error is overruled.
 {¶ 24} Based on the reasoning set forth above, we hereby affirm the judgment of the Dayton Municipal Court.
[1]We note that the fourth assignment of error contains no weight-of-the-evidence argument concerning Turic's conviction.
GRADY, P.J., and DONOVAN, J., concur.