[Cite as *State v. Harding*, 2023-Ohio-3508.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2023-CA-17 |
| | : | |
| v. | : | Trial Court Case No. 22 CRB 00963 |
| | : | |
| DAZIAN HARDING | : | (Criminal Appeal from Municipal Court) |
| | : | |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on September 29, 2023

. . . . . . . . . . .

SAMUEL A. USMANI, Attorney for Appellant

DANIELLE E. SOLLARS, Attorney for Appellee

. . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Appellant, Dazian Harding, appeals from her convictions for failure to confine a dog, abandoning animals, and failure to register a dog following a bench trial the Xenia Municipal Court.   In support of her appeal, Harding contends that all of her convictions were not supported by sufficient evidence and were against the manifest weight of the

evidence.   Harding also contends that certain testimony from the animal control officer who cited her should not have been permitted at trial because the testimony was hearsay and violated the best evidence rule.   In addition, Harding contends that her trial counsel provided ineffective assistance by failing to object to the animal control officer's testimony on best evidence grounds and for not requiring the State to authenticate certain evidence. For the reasons outlined below, Harding's convictions for failure to confine a dog and abandoning animals will be affirmed, and her conviction for failure to register a dog will be vacated.

## Facts and Course of Proceedings

{¶ 2} On September 12, 2022, Harding was cited for one count of failure to confine a dog in violation of R.C. 955.22, a minor misdemeanor; one count of abandoning animals in violation of R.C. 959.01, a misdemeanor of the second degree; and failure to register a dog in violation of R.C. 955.21, a minor misdemeanor.   Harding pled not guilty to all of the charges and the matter proceeded to a bench trial.   At trial, the State presented the testimony of Officer Gabriella Hicks of Greene County Animal Control.   Harding also testified in her own defense.

{¶ 3} Ofc. Hicks testified that on September 7, 2022, she was on duty in her capacity as an animal control officer with Greene County when she received a telephone call from Harding.   Hicks testified that Harding had reported finding a dog at an unspecified location.   During her testimony, Hicks explained that her office only accepted dogs found in Greene County.   Hicks testified that when Harding called, Harding was

unsure whether she had found the dog in Greene County. In response, Hicks put Harding on hold so that she could contact her office's surrender coordinator. Hicks testified that, while Harding was on hold, she looked up Harding's Facebook page and saw a Craigslist post for the "rehoming" of a female pitbull in exchange for a fee; the Craigslist post included multiple pictures of the dog.

{¶ 4} Based on what she saw on Harding's Facebook page, Ofc. Hicks got back on the phone with Harding and told Harding that it looked as though the dog belonged to her. Hicks testified that Harding then retracted her initial statement and said that she had found the dog three days earlier while she was working as a DoorDasher and had been caring for the dog at her residence ever since. Thereafter, Hicks informed Harding of the owner surrender process, which involved paying a surrender fee and waiting seven days for the shelter to take the dog. Hicks testified that she gave Harding a list of rescue centers that Harding could contact in order to find a place for the dog to stay during the seven-day-waiting period.

{¶ 5} Ofc. Hicks testified that, the following day, she was dispatched to Snypp Road in Fairborn, Ohio, on the call of a stray dog. Upon finding the stray dog, Hicks realized that it was the same female pitbull that Harding had called about the previous day. Hicks testified that after capturing the dog, she went to Harding's residence with the dog in the back of her van. When she made contact with Harding, Hicks asked Harding what she had done with the dog that they had discussed the previous day. In response, Harding admitted that she had abandoned the dog by releasing it on the side of the road. Hicks testified that Harding positively identified the dog in the back of her

van as the dog in question. Hicks also indicated that Harding had named the dog Layla. Hicks testified that the dog was not confined in any way when she found it, and that Harding had not registered the dog. Hicks also testified to impounding the dog and to issuing Harding a citation.

{¶ 6} Following Ofc. Hicks's trial testimony, Harding made a Crim.R. 29 motion to dismiss all the charges against her for lack of sufficient evidence. The trial court, however, overruled the motion. Harding then took the witness stand and testified in her own defense.

{¶ 7} Harding, a resident of Xenia, testified that on an unspecified night, she was working as a DoorDasher when she almost hit a dog in the road. Harding testified that she could not leave the dog stranded, so she picked it up and took it to her residence, where she cared for it for a couple of days. While caring for the dog, Harding made sure the dog had something to eat and obtained a leash and collar for the dog. Harding testified that she tried to "rehome" the dog by listing the dog for sale on Craigslist for $50. When no one contacted her about the dog, Harding decided to call animal control because she was not allowed to have animals at her residence.

{¶ 8} Harding testified that the animal control officer told her that there was a fee to surrender the dog and that she should have left the dog where it was if she was unable to pay the surrender fee. As a result, Harding testified that she went back to the area where she had found the dog and "dropped her off." Trial Tr. (Feb. 1, 2022), p. 20. During her testimony, Harding expressed remorse about releasing the dog and stated that she "knew it was wrong" and that she was "sorry for dropping the dog back off." *Id.*

at 21. Harding testified that she had had the dog for no more than three days and that she had not registered the dog because it was not her animal.

{¶ 9} After hearing the foregoing testimony, the trial court found Harding guilty of all three counts charged in the citation. For abandoning animals, the trial court sentenced Harding to 60 days in jail with 60 days suspended and ordered her to pay a $150 fine and court costs. For failure to confine a dog and failure to register a dog, the trial court imposed a $50 fine for each offense and court costs.

{¶ 10} Harding now appeals from her convictions and raises five assignments of error for this court's review.

**First and Second Assignments of Error**

{¶ 11} Under her first and second assignments of error, Harding contends that her three convictions were not supported by sufficient evidence and were against the manifest weight of the evidence. We disagree with Harding's claim as it pertains to her convictions for failure to confine a dog and abandoning animals. However, we agree that Harding's conviction for failure to register a dog was not supported by sufficient evidence, and it therefore was also against the manifest weight of the evidence.

*Standards of Review*

{¶ 12} "A sufficiency of the evidence argument disputes whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law." *State v. Wilson*, 2d Dist. Montgomery No. 22581, 2009-Ohio-525, ¶ 10, citing *State v. Thompkins*, 78 Ohio St.3d 380, 678

N.E.2d 541 (1997). "When reviewing a claim as to sufficiency of evidence, the relevant inquiry is whether any rational factfinder viewing the evidence in a light most favorable to the state could have found the essential elements of the crime proven beyond a reasonable doubt." (Citations omitted.) *State v. Dennis*, 79 Ohio St.3d 421, 430, 683 N.E.2d 1096 (1997). "The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier-of-fact." (Citations omitted.) *Id.*

{¶ 13} In contrast, "[a] weight of the evidence argument challenges the believability of the evidence and asks which of the competing inferences suggested by the evidence is more believable or persuasive." (Citation omitted.) *Wilson* at ¶ 12. When evaluating whether a conviction was against the manifest weight of the evidence, the appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact " 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). "The fact that the evidence is subject to different interpretations does not render the conviction against the manifest weight of the evidence." *State v. Adams*, 2d Dist. Greene Nos. 2013-CA-61 and 2013-CA-62, 2014-Ohio-3432, ¶ 24, citing *Wilson* at ¶ 14. A judgment of conviction should be reversed as being against the manifest weight of the evidence only in exceptional circumstances. *Martin* at 175.

*Failure to Confine a Dog and Abandoning Animals*

{¶ 14} As previously discussed, Harding was convicted of one count of failure to confine a dog in violation of R.C. 955.22, which states, in relevant part:

(C)* * *[N]o owner, keeper, or harborer of any dog shall fail at any time to do either of the following:

> (1) Keep the dog physically confined or restrained upon the premises of the owner, keeper, or harborer by a leash, tether, adequate fence, supervision, or secure enclosure to prevent escape;

> (2) Keep the dog under the reasonable control of some person.

{¶ 15} Harding was also convicted of one count of abandoning animals in violation of R.C. 959.01, which states: "No owner or keeper of a dog, cat, or other domestic animal, shall abandon such animal."

{¶ 16} Harding contends that her convictions for failure to confine a dog and abandoning animals were not supported by sufficient evidence because the evidence failed to establish that she was an owner, keeper, or harborer of the dog at issue. " 'An owner is the person to whom a dog belongs, while a keeper has physical control over the dog.' " *State v. Turic*, 2d Dist. Montgomery Nos. 21453 and 21454, 2006-Ohio-6664, ¶ 16, quoting *Flint v. Holbrook*, 80 Ohio App.3d 21, 25, 608 N.E.2d 809 (2d Dist.1992). "Keepership has a proprietary or dominion aspect, and involves the exercise of some degree of management, possession, care, custody or control over the dog." (Emphasis and citations omitted.) *Godsey v. Franz*, 6th Dist. Williams No. 91WM000008, 1992 WL

48532, *3 (Mar. 13, 1992). " 'In determining whether a person is a "harborer" * * * the focus shifts from possession and control over the dog to possession and control of the premises where the dog lives.' " *Flint* at 25, quoting *Godsey* at *3. *Accord Turic* at ¶ 16. "Thus, a harborer is one who has possession and control of the premises where the dog lives, and silently acquiesces to the dog's presence." (Emphasis and citation omitted.) *Flint* at 25.

{¶ 17} In this case, the evidence presented at trial established that Harding picked up the dog and took the dog to her residence after discovering it stranded in the road. The evidence also established that Harding kept the dog at her residence for a couple of days and cared for the dog by making sure it had something to eat. In addition, the evidence established that Harding purchased a leash and collar for the dog and named the dog Layla. The evidence further established that Harding had created an online Craigslist post that offered to sell the dog for $50.

{¶ 18} When viewing this evidence in a light most favorable to the State, a reasonable factfinder could have concluded that Harding was, at the very least, a "keeper" of the dog, because the evidence established that Harding had exercised physical possession and control over the dog when she took it to her residence and managed its care for a couple of days. We note that Harding was more akin to a "keeper" than a "harborer" because she did more than silently acquiesce to the dog's presence at her home.

{¶ 19} In addition to being a keeper, the evidence established that, after caring for the dog at her residence for a few days, Harding had released the dog on the side of the

road where she originally found it. During her testimony, Harding admitted that this conduct was wrong and asserted that she should have kept the dog until she found it a home. When viewing this evidence in a light most favorable to the State, a reasonable factfinder could have concluded that Harding had abandoned the dog. Although not defined by statute, the term "abandon" is commonly defined as: "To leave (someone), [especially] when doing so amounts to an abdication of responsibility. * * * " *Black's Law Dictionary* (11th ed. 2019). We find that this definition accurately describes Harding's conduct in this case. Because there was evidence presented at trial establishing that Harding had abandoned the dog and had been a keeper of the dog, we find that there was sufficient evidence to support her conviction for abandoning animals in violation of R.C. 959.01.

{¶ 20} Based on the same evidence, a reasonable factfinder could have also concluded that by leaving the dog on the side of the road, Harding failed to keep the dog physically confined or restrained upon her premises. Ofc. Hicks specifically testified that the dog was not confined in any way when she captured it near Snypp Road. Accordingly, there was sufficient evidence to support Harding's conviction for failure to confine a dog in violation of R.C. 955.22(C).

{¶ 21} After reviewing the entire record and weighing all the evidence and reasonable inferences, we additionally find that the trial court did not clearly lose its way and create a manifest miscarriage of justice when it found Harding guilty of failure to confine a dog and abandoning animals. Rather, the weight of the evidence supported Harding's convictions for those offenses. Therefore, Harding's convictions for failure to

confine a dog and abandoning animals were not against the manifest weight of the evidence.

*Failure to Register a Dog*

{¶ 22} Harding was also convicted of one count of failure to register a dog in violation of R.C. 955.21, which provides that: "No owner, keeper, or harborer of ***a dog more than three months of age*** * * * shall fail to file the application for registration required by section 955.01 of the Revised Code[.]" (Emphasis added.) R.C. 955.01 provides, in relevant part, that: "[E]very person who owns, keeps, or harbors ***a dog more than three months of age*** shall file, ***on or after the first day of the applicable December, but before the thirty-first day of the applicable January***, in the office of the county auditor of the county in which the dog is kept or harbored, an application for registration for a period of one year or three years or an application for a permanent registration." (Emphasis added.)

{¶ 23} The foregoing statutory provisions indicate that an owner, keeper, or harborer of a dog more than three months of age is required to register their dog sometime between the applicable December 1st and the applicable January 31st period and that the failure to do so results in a violation of R.C. 955.21. In this case, there was no testimony or other evidence presented at trial concerning the age of the dog at issue. The State argues that we should consider the age element to be satisfied because the animal was referred to as a "dog" throughout the proceedings and not a "puppy." We do not find this argument to be persuasive, because a four-month-old dog could be

considered a puppy but would still need to be registered per the terms of the statute. Also, the terms "dog" and "puppy" are sometimes used interchangeably regardless of a dog's age.

{¶ 24} The State also argues that the absence of any testimony by Harding indicating that the dog was less than three-months of age suggests that the dog met the age requirement. We, however, disagree with such a notion. The State had the burden to prove the age element at trial and Harding's lack of testimony on that matter did not satisfy the State's burden of proof.

{¶ 25} Also, because the evidence established that Harding had found the dog in September 2022, it would have been impossible for Harding to have complied with R.C. 955.01's requirement to register the dog before January 31, 2022. It also would have been impossible for Harding to have registered the dog during the future registration period beginning on December 1, 2022, and ending January 31, 2023, as Harding had already surrendered the dog to animal control before that time.

{¶ 26} Because there was no evidence presented at trial establishing that the dog was more than three months of age and because the time frame in which Harding found the dog prevented her from being able to comply with the registration requirements of R.C. 955.01, the State did not meet its burden to present adequate evidence on each element of the offense of failure to register a dog in violation of R.C. 955.21. Accordingly, Harding's conviction for that offense was not supported by sufficient evidence. Given that Harding's conviction for failure to register a dog was not supported by sufficient evidence, it was also against the manifest weight of the evidence.

{¶ 27} For the foregoing reasons, Harding's first and second assignments of error are sustained as to her conviction for failure to register a dog and are overruled as to her convictions for failure to confine a dog and abandoning animals.

**Third and Fourth Assignments of Error**

{¶ 28} Under her third and fourth assignments of error, Harding contends that the trial court erred by permitting Ofc. Hicks to testify regarding the Craigslist post that she had observed on Harding's Facebook page. Harding claims that this testimony should not have been admitted at trial because it was inadmissible hearsay and because it failed to comply with the best evidence rule.

{¶ 29} "A trial court has broad discretion regarding the admission of evidence, and a ' "reviewing court should not disturb evidentiary decisions in the absence of an abuse of discretion." ' " *State v. Bond*, 2d Dist. Montgomery No. 29516, 2023-Ohio-1226, ¶ 15, quoting *State v. Montgomery*, 2d Dist. Montgomery No. 28404, 2020-Ohio-513, ¶ 16, quoting *State v. Noling*, 98 Ohio St.3d 44, 2002-Ohio-7044, 781 N.E.2d 88, ¶ 43. "A trial court abuses its discretion when it makes a decision that is unreasonable, unconscionable, or arbitrary." (Citation omitted.) *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34.

{¶ 30} "Evid.R. 103(A) states that a case will not be reversed because of an erroneous evidentiary ruling unless it involves a 'substantial right.' " *State v. Sutherland*, 2d Dist. Darke No. 2021-CA-16, 2022-Ohio-3079, ¶ 20. Although the term "substantial right" is not defined in Evid.R. 103, it "is usually interpreted to invoke the harmless error

doctrine." *Id.* Crim.R. 52(A) defines the harmless-error doctrine in criminal cases and provides that: "Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." Crim.R. 52(A). "[W]hether a defendant's substantial rights have been abridged depends on (1) whether the alleged error prejudiced the defendant (i.e., whether it had an impact on the trial); (2) whether, after the prejudicial evidence is excised, the remaining evidence establishes the defendant's guilt beyond a reasonable doubt; and (3) whether the error was harmless beyond a reasonable doubt." *Sutherland* at ¶ 20, citing *State v. Harris*, 142 Ohio St.3d 211, 2015-Ohio-166, 28 N.E.3d 1256, ¶ 37, *State v. Fisher*, 99 Ohio St.3d 127, 2003-Ohio-2761, 789 N.E.2d 222, ¶ 7, and *State v. Jones*, 160 Ohio St.3d 314, 2020-Ohio-3051, 156 N.E.3d 872, ¶ 18.

**{¶ 31}** In this case, even if we were to find that the trial court abused its discretion by allowing Ofc. Hicks to testify regarding the Craigslist post, any such error would not have impacted the outcome of Harding's trial. This is because Harding herself admitted to making the Craigslist post in question. *See* Trial Tr. (Feb. 1, 2022), p. 22-23. In addition, if Ofc. Hicks's Craigslist testimony were excised from the evidence, the remaining evidence still demonstrated that Harding was guilty of failure to confine a dog and abandoning animals. Harding's testimony by itself established that she was a keeper of the dog and that she had abandoned the dog and failed to keep the dog physically confined on her premises. Simply put, Hicks's Craigslist testimony was unnecessary to convict Harding of failure to confine a dog and abandoning animals.

**{¶ 32}** For the foregoing reasons, we find that any potential error in the admission of Ofc. Hicks's testimony regarding the Craigslist post did not prejudice Harding and

therefore did not abridge a substantial right. Therefore, such an error would be harmless and would not warrant a reversal of Harding's convictions for failure to confine a dog and abandoning animals.

**{¶ 33}** Harding's third and fourth assignments of error are overruled.

**Fifth Assignment of Error**

**{¶ 34}** Under her fifth assignment of error, Harding contends that her trial counsel provided ineffective assistance by failing to object to Ofc. Hicks's trial testimony regarding the Craigslist post on best evidence grounds and by failing to require the State to authenticate evidence of the Craigslist post.

**{¶ 35}** To succeed on an ineffective assistance claim, a defendant must establish: (1) her trial counsel's performance was deficient; and (2) the deficient performance prejudiced her. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), paragraph two of the syllabus; *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph two of the syllabus. The failure to make a showing of either deficient performance or prejudice defeats a claim of ineffective assistance of counsel. *Strickland* at 697.

**{¶ 36}** To establish deficient performance, a defendant must show that her trial counsel's performance fell below an objective standard of reasonable representation. *Id.* at 688. In evaluating counsel's performance, a reviewing court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689.

{¶ 37} To establish prejudice, a defendant must show that there is "a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 204, citing *Strickland* at 687-688 and *Bradley* at paragraph two of the syllabus. " 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *Bradley* at 142, quoting *Strickland* at 694.

{¶ 38} In this case, the outcome of Harding's trial would not have been different but for her trial counsel's failure to raise the best-evidence objection and failure to require the State to authenticate the Craigslist post. Even if we were to assume that the trial court would have ruled in Harding's favor on those issues and would have prohibited any evidence of the Craigslist post at trial, there would still be sufficient evidence to convict Harding of failure to confine a dog and abandoning animals. As previously discussed, the Craigslist post was unnecessary to convict Harding of those offenses. Because the outcome of Harding's trial would not have been different but for counsel's alleged deficiencies, Harding cannot establish prejudice. Therefore, her ineffective assistance claim fails.

{¶ 39} Harding's fifth assignment of error is overruled.

### Conclusion

{¶ 40} Having overruled Harding's third, fourth, and fifth assignments of error, and having overruled in part and sustained in part Harding's first and second assignments of error, the judgment of the trial court is affirmed with regard to Harding's convictions for

failure to confine a dog and abandoning animals, and the judgment is vacated with regard to Harding's conviction for failure to register a dog.   However, we instruct the trial court to file a nunc pro tunc sentencing entry for the offense of failure to confine a dog, to include the subsection of R.C. 955.22 that Harding was convicted of violating, i.e., R.C. 955.22**(C)**.

. . . . . . . . . . . . .


LEWIS, J. and HUFFMAN, J., concur.