[Cite as *State v. Fader*, 2024-Ohio-3212.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 30047 |
| | : | |
| v. | : | Trial Court Case No. 23CRB01147 |
| | : | |
| RICK FADER | : | (Criminal Appeal from Municipal Court) |
| | : | |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on August 23, 2024

. . . . . . . . . . .

ALANA VAN GUNDY, Attorney for Appellant

NOLAN C. THOMAS, Attorney for Appellee

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Rick Fader appeals from his conviction following a municipal-court bench trial on one count of voyeurism, a second-degree misdemeanor.

{¶ 2} In his sole assignment of error, Fader contends the trial court erred in

overruling his Crim.R. 29 motion for judgment of acquittal after the State's case-in-chief. He claims the State presented legally insufficient evidence to establish that he acted with the requisite mental state. For the reasons set forth below, we conclude that the State presented legally sufficient evidence. Accordingly, the trial court's judgment will be affirmed.

## I. Background

{¶ 3} Fader was charged by complaint with one count of voyeurism in violation of R.C. 2907.08(B), which provides: "No person shall knowingly commit trespass or otherwise secretly or surreptitiously videotape, film, photograph, broadcast, stream, or otherwise record another person, in a place where a person has a reasonable expectation of privacy, for the purpose of viewing the private areas of that person."

{¶ 4} The charge stemmed from Fader's installation of a wall-mounted television and electrical outlet in the bedroom of his girlfriend's 27-year-old granddaughter. Fader placed the outlet roughly five feet high on a wall below the television facing the young woman's bed. The outlet included USB ports and a hidden camera. It also had a small circuit board, a 32-gigabyte SD card, and Bluetooth capability which made it possible to transmit data from the SD card to another device.

{¶ 5} A law-enforcement officer who removed the outlet testified that it "was not similar to an outlet that you would find from a Lowe's or a Home Depot[.]" The victim testified that Fader had asked her to "lay down on her bed" to "see if everything look[ed] good" while he positioned the television. After the outlet was discovered, investigators reviewed the SD card and found pictures of the victim in her bedroom in various stages

of undress. Police searched several of Fader's devices, including a desktop computer and his cell phone, but did not find any images of the victim. At the conclusion of the State's case-in-chief, the trial court overruled a Crim.R. 29 motion.

{¶ 6} Fader then testified in his own defense. He explained that he "rehabbed" houses and did maintenance work for a living. With regard to the incident in question, Fader stated that he installed the outlet in the victim's bedroom late at night after working all day. He was tired and retrieved an outlet from his truck without looking at it. He had no idea that the outlet he installed had a hidden camera in it. He also did not notice the SD card attachment on the side. Fader insisted that he never attempted to retrieve any images from the SD card. He admitted having purchased several outlets with hidden cameras and SD cards. He explained that he had intended to install them as security devices in his own home before realizing that they would not suit his purposes.

{¶ 7} Based on the evidence presented, the trial court found Fader guilty of voyeurism. The trial court reasoned that the only real issue in dispute was whether he knowingly had placed the hidden camera in the victim's bedroom for the purpose of viewing her private areas. In resolving that issue, the trial court explained:

> In this case, given the depth and breadth of his knowledge of electricity and electrical components, the Court cannot rely on Mr. Fader's testimony that he installed State's Exhibit "G" without ever noticing the many strange and unique features immediately visible upon even a cursory glance at State's Exhibit "G."
>
> The Court simply cannot accept as true Mr. Fader's claim that a

professional craftsman, with Mr. Fader's level of knowledge and the depth of his experience, did not notice that he was installing an electrical outlet which was equipped not only with a concealed camera, but also contained a micro SD card slot and a working micro SD card.

The Court believes that Mr. Fader in a moment of weakness or a temporary lapse in judgment, succumbed to the temptation to place this camera and video storage device in [the victim's] bedroom for the purpose of surreptitiously recording [her] in her private moments.

January 17, 2024 Decision and Entry at 4.

{¶ 8} The trial court imposed a 90-day jail sentence with credit for 16 days already served and the remaining 74 days suspended. It additionally imposed a partially-suspended fine and placed Fader on five years of unsupervised, non-reporting probation. The trial court also designated him as a Tier I sex offender.

## II. Analysis

{¶ 9} Fader's assignment of error states:

THE TRIAL COURT ERRED WHEN IT OVERRULED DEFENSE COUNSEL'S RULE 29 MOTION. THE COURT ERRED BECAUSE THE STATE DID NOT MEET ITS BURDEN OF PROOF.

{¶ 10} Fader contends the trial court erred in overruling his Crim.R. 29 motion after the State rested its case. He claims the State presented no evidence that he had knowingly placed an outlet containing a camera in the victim's bedroom or that he did so for the purpose of viewing her private areas. In support, he relies in part on his own

testimony. He also stresses the lack of evidence that he ever accessed the pictures on the SD card. He reasons too that if his intent had been to view the victim's private areas, he would have installed the outlet in a bathroom or another location where she might have been expected to undress fully.

{¶ 11} A trial court's ruling on a Crim.R. 29 motion is reviewed under the standard that applies to a review for sufficiency of the evidence. *State v. Kennard*, 2022-Ohio-2055, ¶ 17 (2d Dist.). Where a defendant challenges the denial of a Crim.R. 29(A) motion made at the conclusion of the State's case-in-chief, however, our review is limited to the evidence then available to the trial court. *State v. Bailey*, 2017-Ohio-2679, ¶ 17 (2d Dist.).

{¶ 12} A Crim.R. 29 motion obligates a trial court to "construe the evidence in a light most favorable to the State and determine whether reasonable minds could reach different conclusions about whether the evidence proves each element of the offense charged beyond a reasonable doubt." *State v. Turic*, 2006-Ohio-6664, ¶ 13 (2d Dist.). "If a rational trier of fact could find the essential elements of the crime to be proven beyond a reasonable doubt, a defendant is not entitled to acquittal under Crim.R. 29." *Id.* "Because a Crim.R. 29 motion presents an issue of law, our review of the trial court's denial of the motion is de novo." *State v. Sowry*, 2004-Ohio-399, ¶ 8 (2d Dist.).

{¶ 13} With the foregoing standards in mind, we find Fader's assignment of error to be unpersuasive. Insofar as he relies on his own testimony, he overlooks the scope of our review, which is limited to the evidence presented in the State's case-in-chief. Based on that evidence, a rational trier of fact could have found that he violated R.C. 2907.08(B) by knowingly taking surreptitious pictures of the victim in her bedroom for the purpose of

viewing her private areas. We have examined the outlet at issue, which was obviously abnormal. At a minimum, the presence of an unusual green circuit board would be apparent to even a casual observer. Fader also installed the outlet in an unusual location—approximately five feet up the wall in direct line of sight of the victim's bed. We note too that he asked the victim to lay on her bed while he completed the project to see how things looked. When construed in favor of the State, these circumstances supported a reasonable inference that he knowingly installed the hidden-camera outlet for the purpose of accessing the device to view the victim's private areas.

{¶ 14} Even if Fader never accessed the pictures, that would not negate the State's evidence that he acted with the purpose to do so. Nor are we persuaded by his argument that he would have installed the outlet in the victim's bathroom if he had intended to see her undressed. An obvious problem with this argument is that the victim did not request installation of an outlet in her bathroom. Fader installed the outlet in her bedroom in connection with her request to have a television mounted on her bedroom wall. Fader had no plausible reason to suggest installing an outlet in her bathroom. Moreover, the victim's bedroom itself was a location where she might have been expected to expose her private areas.

{¶ 15} For the foregoing reasons, the trial court properly overruled Fader's Crim.R. 29 motion. His assignment of error is overruled.

### III. Conclusion

{¶ 16} The judgment of the Kettering Municipal Court is affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and LEWIS, J., concur.